LOYAL L. CASE, Appellant, *v.* LUTHER HALL, Appellee.

APPEAL FROM OGLE.

In an action of trespass for taking twelve hogs, if defendant wishes to justify the taking by reason of his being an officer, he must allege and prove that fact.

If the ordinance of the town, which is offended by the running at large of the hogs, declares it shall not be lawful to " suffer " hogs to run at large, the plea should aver, that they were at large by sufferance of the owner.

THIS was an action of trespass. Declaration in usual form—two counts for taking twelve hogs.

First plea, general issue.

Second plea as follows :

" And for a further plea in this behalf, the said defendant says, as to the said trespass and conversion of the hogs and swine in the first and second counts of the said plaintiff's declaration set forth, *actio non*, because he says, that at the time when, etc., he was lawfully possessed of a certain close, with the appurtenances, situate in the town of Byron, in the county and State aforesaid, and because the hogs and swine in the first and second counts mentioned, before and at the same time when, etc., in the first and second counts mentioned, were wrongfully and unlawfully, and contrary to the ordinance of the said town of Byron, in the said close of the said defendant, eating and destroying the corn, grass and herbage of the said defendant, there then growing, and doing great damage to the said defendant, he, the said defendant, seized and took the said swine and hogs, in the first and second counts of the plaintiff's declaration mentioned, in the said close of the said defendant so doing damage therein as aforesaid, as a distress for the penalty by the said ordinance of the said town of Byron, made and provided for suffering hogs, swine and pigs to run at large, and drove the said swine and hogs away from out the said close to a pound in

said pound district of the said town of Byron, which pound aforesaid was within one mile of the aforesaid close of the plaintiff, and then and there impounded the same, as he lawfully ought to do by the ordinance aforesaid, and immediately thereafter, and within twenty-four hours after the impounding aforesaid, notified the said plaintiff, of the impounding of the said swine and hogs, mentioned in the first and second counts of the said plaintiff's declaration, and continued the said impounding for the space of five days, and until the said plaintiff should have paid the penalty as provided by said ordinance, to wit: the sum of eight dollars and forty cents, to have had the said swine and hogs released and discharged, and the said plaintiff having failed to pay the sum within the time aforesaid, the said defendant, after advertising the same, as required by the said ordinance, for the space of ten days, sold the same at public vendue for the purposes aforesaid, and which was lawful for the said defendant to do, for the causes aforesaid, and which is all the same supposed trespass in the said plaintiff's first and second counts of his said declaration mentioned; all of which the said defendant is ready to verify.    Wherefore he prays judgment."

Third plea as follows:

" And for a further plea in this behalf, the defendant says, *actio non*,  because he says, that at the annual town meeting of the town of Byron, in the county of Ogle and State of Illinois, held in pursuance of statute in such case provided, the voters of said town at said annual town meeting, did pass and adopt certain regulations for restraining and preventing the running at large of swine in the said town, by which said regulations and ordinances it was provided, that it should not be lawful to suffer any swine to run at large in the said town of Byron, and it was further provided by said regulations, that any inhabitant of said town finding any swine running at large, might take up the same and cause them to be delivered to the nearest pound-master, whose duty it shall be to receive the same in the pound of which he, the said pound-master, has charge, and furnish said swine with suitable feed and water till the same shall be discharged.

" And the said defendant further avers, that it was further provided by said regulations, that the person so taking up said swine should, within twenty-four hours thereafter, give notice to the owner or owners of said swine, of the taking up and impounding of the same as aforesaid.

" And the said defendant avers, that it was further provided by said regulations, that if within five days thereafter any person shall claim and prove to be the owner thereof, to the satisfaction of the taker up or pound-master, and pay the legal fees and reasonable charges to which the pound-master may be en-

titled, and for the use of the town, as a penalty, the sum of one dollar for each swine, such owner shall be entitled to immediately take away the same.

"And the defendant further avers, that it was further provided by said regulations, that if such claimant should not appear within five days after such claim, pay the aforesaid fees, charges and penalty, and no person shall within the same time claim and prove the owner of such swine as aforesaid, then the pound-master shall advertise such swine for sale, by giving at least five days' notice by posting up written notices of the time, place, and property to be sold, on the school house in said pound district, and at two other places in the town, which the said pound-master may consider the most public, and shall sell the same to the highest bidder, for cash, and the proceeds of such sale shall be applied for the payment of such fees, charges and penalty, and expenses of sale, and the surplus, if any there be, shall be paid to the owner, if any appear.

"And the said defendant further avers, that the said swine in the said plaintiff's declaration mentioned, were at the said time, etc., running at large in said town of Byron, aforesaid, and in violation of the regulations and ordinances of the said town, adopted as aforesaid, and that he, the said defendant, was at the said time when, etc., an inhabitant of the said town aforesaid, and being such inhabitant and finding the said hogs and swine in the plaintiff's declaration mentioned at the time when, etc., running at large, and in violation of the said regulations and ordinances of the said town, he the said defendant did take up the said swine, and did drive and cause to be driven the same to the nearest pound in said town, and the said defendant did deliver the said swine to the pound-master of said pound, which said pound-master did then and there receive the said swine and impound them in the said pound.

"And the said defendant further avers, that the said defendant did immediately and within twenty-four hours after the taking up and impounding of the said swine as aforesaid, give notice to the said plaintiff that he the said defendant had taken up and impounded the said swine in the said pound in said town as aforesaid, and the said defendant avers that the said plaintiff did not, within five days after the said impounding and giving of the notice aforesaid, claim and prove to the satisfaction of the taker up or pound-master, that the said swine so impounded, were the property of the said plaintiff, neither did he pay the legal fees, and reasonable charges to which the pound-master was entitled, to wit: the sum of one dollar for each swine, all of which the said plaintiff neglected to do, neither did any other person within the space of five days, claim and prove the owner-

ship of said swine, nor did they pay and tender the fees and charges aforesaid; therefore, the said defendant did, as pound-master of said pound district, being the defendant, advertise the said swine for sale by giving five days' notice by posting up written notices therefor, one of which was placed upon the school house in said pound district, and two other notices in two of the most public places in the said town of Byron, that he would, on the day mentioned in said notices, sell the same to the highest bidder, for cash, and that in pursuance of the said notice, the said defendant did, on the day appointed for said sale in the said notices, proceed to sell the same at public sale for cash, and after the payment of the legal fees, charges and penalty, and expenses of said sale, paid the overplus of the said sale money to the plaintiff, and which is the same trespass complained of by the said plaintiff in the first and second counts of his said declaration, all of which the defendant is ready to verify.

" Wherefore he prays judgment," etc.

Similiter to first plea, and demurrer to second and third pleas; demurrer sustained to said second and third pleas.

Trial by jury, and verdict for plaintiff; damages assessed at $102.40.

Motions in arrest of judgment, and for a new trial, overruled, and appeal taken. Judgment rendered upon the verdict.

Errors assigned are:

1st. The court erred in sustaining the demurrer to defendant's second and third pleas—severally.

2nd. The court erred in overruling the motion in arrest of judgment and for a new trial.

3rd. The court erred in rendering judgment aforesaid in manner and form aforesaid.

Glover & Cook, for Appellant.

Leland & Leland, for Appellee.

Breese, J. There are two manifest objections to the third plea. The first is, the defendant does not allege he was duly elected and qualified to the office under which he justifies the trespass. The rule is, where an officer himself attempts to justify his acts done by virtue of his office, he must allege and prove himself an officer *de jure*. *Schlenker* v. *Risley*, 3 Scam. R. 483. We know of no different rule anywhere, and the reason is, that being the party exercising the office, his right to do so or the evidence of it, is in his own possession and power.

The next objection is, that the plea nowhere alleges that the

hogs were running at large by sufferance of the owner. This is indispensable. The ordinance provides that it shall not be lawful to *suffer* any swine to run at large. That they were at large contrary to the ordinance as in the plea, is not equivalent to an allegation that the owner suffered them to run at large. This knowledge and sufferance is the *gist* of the offense. The penalty is not to be enforced because the hogs were running at large, but because the owner suffered them to run at large. As to the other question made, that the act is unconstitutional, see *King et al.* v. *The Town of Jacksonville*, 2 Scam. R. 305.

The judgment of the court below is affirmed.

*Judgment affirmed.*