FREDERICK STONER and WILLIAM STONER

*v.*

JOHN SHUGART, Jr.

1. INCLOSURES — *stock running at large.* Owners of cattle have a right to permit them to run at large, and owners of land must have their ground protected by a sufficient fence before they can recover for injuries.

2. SAME — *inside fences.* Where a party removes a partition fence and his stock enters upon another's premises, he will be liable.

3. SAME — *fields in common.* Where two persons own land adjoining each other, and join fences, each building the fence on his own land, and have no partition fence between them, and cattle break through the defective fence of one and enter the premises of the other, the latter would have no right to take them up, or recover for injuries against the owner of the stock.

4. Where the owners of two adjoining tracts of land, join their fences so as to have but one field in common, and no division fence is built, it is the business of one to see that the fence of the other is sufficient to turn ordinary stock.

WRIT OF ERROR to the Circuit Court of Bureau county; the Hon. M. E. HOLLISTER, Judge, presiding.

This was an action of replevin, originally brought by John Shugart, Jr., against Frederick Stoner and William Stoner, before a justice of the peace, to recover the possession of a colt which was taken up by the defendant while in their field,

and which they refused to give up until their charges were paid.

The trial before the justice resulted in favor of the plaintiff. The defendants appealed to the Circuit Court, where the case was again tried, and a verdict found for the plaintiff. A motion for a new trial was overruled, and a judgment rendered upon the verdict. The defendants brought the case to this court by writ of error.

The facts are sufficiently stated in the opinion.

Messrs. Eckles & Kyle, for the plaintiffs in error.

Messrs. Paddock & Trimble, for the defendant in error.

Mr. Justice Walker delivered the opinion of the Court:

Shugart brought an action of replevin before a justice of the peace in Bureau county, against William and Frederick Stoner, to recover possession of a colt. It appears, that, while the animal was on the premises, and in the inclosure of Frederick Stoner, he took it up, and confined and held it until it was taken from him by this action. He claimed that it was trespassing upon his close, and that he had the right to confine and hold it until the charges were paid by defendant in error. It appears that the close of plaintiffs in error adjoined the land of Mrs. Epperson, which was on the north, and between these closes there was no fence on a part of the line, and that the fence on her north line was not sufficient to turn stock; that defendant in error owned the adjoining field on the east, and that a fence separated their farms, which witnesses regarded as sufficient.

It is contended by defendant in error, that the animals were turned upon the commons, and that the one in question entered Mrs. Epperson's field from the commons on the north, and thence passed into the close of the plaintiffs in error. That he was not required to keep any other than his own fences to protect plaintiffs in error from his stock. But the other side claim that the law in reference to stock running at large, and

upon the commons, does not apply to proprietors of adjoining fields. That in such cases the law requires the owner to prevent his stock from trespassing upon the adjoining property of his neighbor. In the case of *Seeley* v. *Peters*, 5 Gilm. 130, it was held that owners of cattle had the right to permit them to run at large, and that an owner of land was required to fence against them, and that, without a sufficient fence to turn ordinary stock, he was not entitled to recover. And this is the recognized doctrine of this court in reference to outside fences.

But, in the subsequent cases of *Buckmaster* v. *Cool*, 12 Ill. 76, and *McCormick* v. *Tate*, 20 Ill. 334, the doctrine was not applied to inside fences. These cases, therefore, limited the former decision to outside fences, and left the common law in force as to inside fences, so far as not altered by the statute regulating partition fences. In those cases it appeared, that defendants in each case had removed a partition fence, and their stock had thereby entered upon plaintiff's premises, and the defendants were held liable for the trespass of their cattle.

In this case there was no such evidence. It is more than probable that the animal entered Mrs. Epperson's field from the commons, and then passed through into the field of plaintiffs in error, and the jury seem to have so found. They were instructed that if they believed that the colt entered in this manner, then they should find for defendant in error. This instruction impliedly limited the finding to that state of facts, and the evidence warrants that conclusion. Had the animal entered from the adjoining field of defendant in error, and the fence had not been a common one, and defendant in error had been liable to keep up the portion where it entered, then the principle applied to the cases of *Buckmaster* v. *Cool*, and *McCormick* v. *Tate*, would apply. But, as the fields of plaintiff in error and Mrs. Epperson were in common, her north fence was practically his outside fence, and he should have seen that it was sufficient to turn ordinary stock, if he desired to hold persons liable for the trespass of their animals. Defendant in error had the right to permit his horses to run on the commons,

and was not bound to keep up the fences of plaintiffs in error, or that of Mrs. Epperson used by him as his outside fence.

If plaintiffs in error had desired to raise the question, whether the stock entered from the field of defendant in error, and through a fence he was bound to maintain, they should have raised the question by proper evidence and instructions. We see no evidence in the record from which we can infer that the division fence between them belonged to the one or the other, or that it was not a common partition fence, but the whole case seems to have been tried on the question, whether plaintiffs in error were bound to fence against stock running on the commons, or whether defendant in error was bound in such a case to keep his stock within his inclosure. It follows that plaintiffs in error were not authorized to confine and detain the animal, and, having done so without legal authority, a demand was not necessary to sustain the action.

The judgment of the court below is affirmed.

*Judgment affirmed.*