## THE TOWN OF COLLINSVILLE
### *v.*
## LEWIS W. SCANLAND.

58   221
30a  454
58   221
42a  569

1. ORDINANCES—*construction of a particular one.* An ordinance of the town of Collinsville prohibiting the running at large of certain animals within the corporate limits of the town, provides, that any person being the owner of, or having the care of, any such animal, who shall suffer the same to run at large, etc., shall be subject to a certain penalty therein specified. In an action to recover the penalty for a violation of this ordinance, the proof disclosed these facts: that the defendant resided on his farm outside the limits of the town; that he had allowed the animals to run in a piece of woods near by; but that he watched and cared for them daily, and would have prevented them from straying into the town in the present

instance—which was the first—had it not been that he was suddenly called away to the bedside of a dying brother : *Held,* that this evidence clearly exonerated the defendant from the charge of suffering his animals to run at large within the corporate limits of the town.

2. That an instruction by the court to the effect, that before the jury could find the defendant guilty, they must believe from the evidence, that the animals were so running at large within the limits, by sufferance of the defendant, but asserted the requirement of the ordinance.

3. SAME—*what necessary to be shown to warrant a conviction.* To subject a person to the penalty under this ordinance, he must, himself, have participated in the act, by suffering it to be done ; which requires that he should have knowingly permitted his animals to run at large within the town, or have been guilty of such negligent conduct, in enabling them to do so, as would have been equivalent thereto.

APPEAL from the Circuit Court of Madison county ; the Hon. JOSEPH GILLESPIE, Judge, presiding

Mr. DAVID GILLESPIE, for the appellant.

Messrs. DALE & BURNETT, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court :

This was a suit to recover a penalty for violating an ordinance of the town of Collinsville, in suffering hogs to run at large, within the corporate limits of said town, on the 12th day of June, 1870.

The defendant was found not guilty, and the town took this appeal.

The following are the sections of the town ordinance bearing upon the subject :

" Sec. 1. That, hereafter, the running at large of any hog, shoat, or pig, within the corporate limits of the town of Collinsville, is hereby declared a nuisance, and is prohibited.

" Sec. 2. That any person being the owner of, or having the care or custody of, any hog or hogs, shoat, or pig, who shall suffer the same to run at large, in violation of section one of this ordinance, shall be subject to a penalty of not less than five dollars nor more than fifteen dollars.

" Sec. 3. That, hereafter, any hog, shoat or pig, found running at large, as aforesaid, shall be seized and penned up by the town constable, or some one authorized by him, in some secure place, to be designated by the board of trustees, and, while so penned up, the town constable shall furnish them food and water."

The remaining sections relate to the disposition of the animals taken up, and are not material here.

The following instruction was given for the defendant:

" Before the jury can find the defendant guilty, they must believe, from the evidence: 1st—That defendant's hogs were running at large within the corporate limits of the town of Collinsville; and, 2d—That said hogs were so running at large within the corporate limits of said town by the sufferance of the defendant. Although the jury may believe, from the evidence, that the defendant's hogs strayed from their usual place of running, into and within the corporate limits of the town of Collinsville, yet, if the jury further believe from the evidence that they were so running within the corporate limits of said town of Collinsville without the knowledge or sufferance of defendant, they will find the defendant not guilty."

The plaintiffs then moved the court to instruct the jury as follows, without the *italicized* portion, viz:

" The court is requested to instruct the jury, that if they believe, from the evidence, that the defendant, Scanland, suffered his hogs to run at large outside of the corporate limits of the town of Collinsville, *with the expectation that they would run at large within the corporate limits of the town of Collinsville,* and they came within the limits of said corporation by reason of their being so permitted to run at large outside of the limits of said town, that then the said defendant has suffered the said hogs to run at large in said town, within the meaning of said ordinance, and they must find him guilty and assess a penalty within the provisions of the ordinance;" which was modified by the court, by adding to it the *italicized* portion, and, as modified, said instruction was given to the jury. To

the modifying of said instruction by the court, the plaintiff at the time excepted.

The errors assigned are, that the verdict was contrary to the evidence, and that the court erred in giving the instructions, and refusing the plaintiff's instruction as asked.

The testimony shows, that the defendant's hogs were at large within the corporate limits of the town of Collinsville, on the 12th day of June, and were accordingly taken and penned up by the town constable; that defendant lived two and a half miles distant from Collinsville, on a farm; that he had kept the hogs in a clover pasture during the spring and summer, till the drouth; the pasture became exhausted, and then he let them run in a piece of woods south of his farm, some thirty or forty acres, and watched them daily and fed them; they had been running there a week or two before they were taken up; they had never been seen in the town before. On two previous occasions, they had been found on the road, moving towards Collinsville, and about half way between there and the defendant's place, when he drove them home. The defendant testified, that he had been very particular not to let the hogs get half a mile from home, and when he found them that far, he drove them back; that on the Sunday morning in question, when the hogs were taken up, he, on his way to Collinsville to church, passed the hogs about a mile from the town, and before he got there, he was met by a messenger with intelligence that his brother was dying, and he went directly to his brother's house; but for which circumstance, he should then have driven the hogs back.

Such was, in substance, the testimony; and we think it presented a clear case for the acquittal of the defendant, from the charge of suffering his swine to run at large within the corporate limits of the town of Collinsville. So far from his suffering the same, he had, until the present instance, prevented it by his care and efforts, and would have prevented it then, had it not been that he was suddenly summoned away to the bedside of a dying brother.

As to the instructions for the defendant, they but asserted the requirement of the ordinance, that the running at large within the town must have been with the sufferance of the defendant.

The plaintiffs' instruction as asked for, was, that the penalty had been incurred by suffering the hogs to run at large outside of the corporate limits of the town of Collinsville, if by reason of being so permitted to run at large, they came within the corporate limits of the town. The ordinance does not give this penalty against the owner of swine for their running at large merely, within the town. Section three provides a remedy for that, by seizing and penning up the animals, and further proceedings as to them.

But to subject the owner to a penalty therefor, he must himself have participated in the act, by suffering it to be done, which requires that he should have knowingly permitted his hogs to run at large within the town, or have been guilty of such negligent conduct in enabling them to do so, as would have been equivalent thereto. Had the farm of the defendant been so near to the town that the probable consequence of permitting his hogs to run at large upon his own premises, would have been that they would stray within the town, he might be chargeable as having knowingly permitted them to run at large within the town.

Had the hogs broken out of the defendant's inclosure, and come within the town, it would hardly be claimed that the defendant had committed a violation of this ordinance.

The distance of a party's place of residence from a town, and the care taken of his swine running at large upon his premises, may be as effective as an inclosure of them, to prevent them from coming within the limits of the town.

We think the instruction, as asked, was defective in entirely excluding from view whether it was a probable consequence of suffering the hogs to run at large upon the defendant's premises, that they would stray within the limits of the town of Collinsville.

15—58th Ill.

The modification of the instruction, perhaps, was not strictly accurate in requiring the expectation of such event on the part of the defendant; it would have been enough, had there been reason for expecting it, whether the defendant actually expected it or not.

We think, however, in this case, there is no substantial cause of complaint for the modification made in the instruction.

The judgment of the court below is affirmed.

*Judgment affirmed.*