ROBERT KINDER

*v.*

JOSEPH GILLESPIE.

1. IMPOUNDING ANIMALS—*ordinance.* Where a plaintiff's horses escaped from his inclosure against his will, and he immediately went in search of them to put them up, but before he found them they were seized by the police constable of the town where they were found running, who impounded them under the ordinance of the town : *Held,* that under such circumstances the horses were not running at large in the legal sense of the term, and that the constable had no right to detain them from the owner.

APPEAL from the Circuit Court of Madison county.

Mr. A. W. METCALF, for the appellant.

Mr. DAVID GILLESPIE, and Messrs. DALE & BURNETT, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court :

The only question presented by the record is, whether the court erred in overruling the demurrer to the replication filed by the appellee to the special pleas of the appellant.

The defense sought to be interposed by the pleas is, that the horses belonging to the appellee were running at large in the town of Edwardsville contrary to the provisions of the ordinance of the town, and the town constable, Friday, took them up as he lawfully might and placed them in the custody of the appellant, and that the fees and charges on the same, incurred under the ordinances, were not paid or tendered before they were replevied by the appellee.

To the several pleas setting up these facts in detail, the appellee filed a replication, in which he says that the horses mentioned in the pleas were not running at large within the

corporate limits of the town of Edwardsville by his permission, but on the contrary had, just before the time they were so taken up by the town constable, escaped from his inclosure against his will and knowledge, and without any fault on his part, and that he made diligent search for them for the purpose of reclaiming them, and that while he was so engaged they were wrongfully seized and taken up by the town officers.

The court overruled the demurrer interposed to the replication averring these facts, and the appellant electing to stand by his demurrer, judgment was rendered for the appellee.

No reason is perceived why the facts stated in the replication do not furnish a complete answer to the special pleas. We have not before us the ordinances of the town of Edwardsville, and do not know the exact phraseology of the ordinance relied on. But assuming, as we must do, under the state of the pleadings, that the ordinance is correctly pleaded, it can not be fairly said that the horses were *running at large* within the corporate limits of the town, in the legal sense of those terms, if they escaped from the inclosure of the appellee without any fault on his part, and he made diligent search for them for the purpose of reclaiming them, and while the search was going on, the seizure was made by the town officers.

If such was the law, it would make a party liable to the penalties imposed by the ordinance when he was, in good faith, endeavoring to comply with its provisions. There must be some guilty intention or wilful neglect before a party can be made liable to the penalties imposed by the ordinances. He must permit or suffer his stock to so run at large. *Case* v. *Hall,* 21 Ill. 632.

In this case, if the facts alleged in the replication are true, and the demurrer admits them to be true, the appellee did not permit or suffer his horses to run at large within the corporate limits of the town, but, on the contrary, when they escaped from his inclosure without any fault on his part, he immediately instituted search with a view to recapture them,

and while thus engaged they were seized by the town officers. Under such circumstances, to hold that the appellee would be liable to the penalties imposed by the ordinances, would be a perversion of law and justice.

The court decided correctly in overruling the demurrer, and the judgment is affirmed.

*Judgment affirmed.*