## J. M. RUNYAN v. WILLIAM PATTERSON.

### Fences—Damages for breaking.

1. A plaintiff, whose fence is insufficient (not five feet high as required by law), is not entitled to recover damages of the owner of a cow for breaking into plaintiff's enclosure, even though the vicious habit of the animal is known to the owner.

2. Proof that plaintiff's fence is a "good ordinary" one, such as his neighbors have, does not dispense with the statutory obligation.

(*Jones* v. *Witherspoon*, 7 Jones, 555; *Burgwyn* v. *Whitfield*, 81 N. C., 261; *Morrison* v. *Cornelius*, 63 N. C., 346; *Morse v. Nixon*, 8 Jones, 35; *Parrott* v. *Hartsfield*, 4 Dev. & Bat., 110, cited and approved.)

CIVIL ACTION tried on appeal from a justice's judgment at January Special Term, 1881, of CLEAVELAND Superior Court, before *Eure, J.*

Plaintiff appealed.

*Messrs. Hoke & Hoke* and *Battle & Mordecai*, for plaintiff.
*Mr. David Schenck*, for defendant.

SMITH, C. J. The defendant's cow, whose vicious propensity to break through the enclosing barriers and feed upon the growing crops of others, was known to the defendant by repeated acts brought to his notice, made such an irruption into the plaintiff's cultivated field and committed the damages for which redress is sought in this action.

It was in proof that the plaintiff's fence, varying from a few inches over three feet to a few inches over four feet in height, was insufficient under the requirements of the statute for the protection of the crops it was made to surround, and that the entry of the cow was not at the lowest and most defective part of it.

Upon this evidence the court was of opinion that the plaintiff could not recover, and in submission thereto the plaintiff suffered a judgment of non-suit and appealed.

The case falls directly within the principle decided in *Jones* v. *Witherspoon*, 7 Jones, 555, wherein the court declare " that the owner is not liable in trespass for breaking the close, when the former's cattle wander in search of food upon the latter's unenclosed ground," and " that the rights and liabilities of the parties would be the same in a case where there is no fence or barrier, and one in which the barrier is declared by law to be insufficient."

In full recognition of the rule, we have recently said, DILLARD, J., delivering the opinion, " that now, stock may be lawfully allowed to range at large without the right of one to recover for their trespasses, or do otherwise than drive them off their premises without hurt *unless he have a fence as required by law."* *Burgwyn* v. *Whitfield,* 81 N. C., 261 ; *Morrison* v. *Cornelius,* 63 N. C., 346.

To the same effect are *Stoner* v. *Shugart,* 45 Ill., 76 ; *Richardson* v. *Milburn,* 11 Mary., 340 ; *Wagner* v. *Bissell,* 3 Iowa, 396.

The only feature distinguishing the present case from the cited adjudications, is the knowledge of this unruly and vicious habit of the cow, possessed by the owner, previously to her being permitted to go at large, and to the indulgence of which the reasonably anticipated depredations are attributed. But this does not excuse the plaintiff's negligence in failing to put up " a sufficient fence at least five feet high," unless where a navigable stream or deep watercourse may constitute a part of the boundary, (Bat. Rev., ch. 48, § 1,) and thus provide against the inroads of unruly stock, prompted by a natural instinct in search of food. This neglect, if not an active cause in inviting and encouraging the entry upon a more attractive pasture, is so directly contributory to the result, as to debar all claim to remuneration for the injury sustained.

The purpose of the act is to protect the crop, not so much from the inroads of orderly and docile, as of vicious and un-

ruly animals; and it is a condition precedent to the right of recovery that the plaintiff should erect and maintain a lawful fence, such as the statute points out. Had this been done, the injury might not have occurred. Nor does the fact that the plaintiff had constructed "a good ordinary fence," such as others had in the neighborhood, dispense with the legal obligation imposed by the act upon such as cultivate the soil and raise crops thereon.

The point decided in *Morse* v. *Nixon*, 8 Jones, 35, has no bearing upon the facts of the present case. The poultry-eating sow, which upon being chased had been compelled to drop the duck in her mouth, and had started again in full pursuit of her *prey*, was held to have become an outlaw, and liable to death, when thus caught *in flagrante delicto*, at the hands of the owner of the duck. The same rule had been enforced against a sheep-killing dog in *Parrott* v. *Harts-field*, 4 Dev. & Bat., 110.

Depredations committed by stock under the promptings of a natural appetite, and in the absence of any barrier sufficient to check and restrain, stand upon a different footing when the owner is sought to be held responsible for the extent of the injury done.

There is no error and the judgment must be affirmed.

No error.                                    Affirmed.