MITCHELL, *Ex'x, v.* SCOTT.

It is competent for a referee to find that the owner of a store wilfully suffered his tenant at will to occupy the same for the illegal sale of spirituous liquors, from evidence that the tenant so used the same with his knowledge; that the owner, while he did not expressly consent to such use, permitted it, and twice raised the rent in consequence of such selling, but not for the purpose of ejecting the tenant, and that he refrained from taking the statutory steps to terminate the tenancy.

The owner of a building, who wilfully suffers it to be used for the illegal sale of spirituous liquors, cannot recover for the use and occupation of the same for the period during which he suffers it to be so illegally used.

ASSUMPSIT, for use and occupation. Facts found by a referee.

*Copeland & Dodge*, for the plaintiff.

*J. P. Bartlett* and *Sulloway, Topliff & O'Connor*, for the defendant. .

SMITH, J.   There was evidence to warrant the finding of the referee that the plaintiff's testate wilfully suffered the defendant to occupy the premises for the illegal sale of spirituous liquors. Although the referee finds no consent, he finds facts which show that he means no express consent.   The defendant was tenant at will of the plaintiff's testate of the premises, who permitted the illegal use, and twice increased the rent for that reason, and not for the purpose of ejecting the defendant.   The statute imposes a penalty upon any person who " shall wilfully let or suffer any other person to occupy any premises which he owns or has the control of for the purpose of being used  .  .  .  for the illegal sale of spirituous liquors therein."   G. L., *c.* 109, *s.* 34.   Express consent is not necessary to subject the owner to the penalty.   To suffer an act to be done within the meaning of a prohibitory statute implies consent, or willingness, or such negligent conduct as will permit the prohibited act to be done.   It would not be expected that the owner who intended to violate the statute would openly give his consent.   He would be more likely to declare his dissent.   But dissent not followed by steps reasonably calculated to prevent the illegal use would practically be equivalent to consent. The object of the statute is to discourage the illegal traffic.   It looks upon the owner of real estate who knowingly furnishes the place where the illegal traffic is carried on as equally guilty with the seller.   The statute would fail to accomplish the purpose of its enactment if passive indifference or inaction on the part of the owner were treated as full performance of the duty required of him.   If his dissent is sincere, it will be made effectual, or there

will be an attempt to make it so. If he cannot control his tenant in the use, he can control the occupation by expelling the tenant. The term "suffer" implies assent or acquiescence, and one who suffers a state of affairs to continue when it is in his power to prevent it, produces the same result as though he had consented. *State* v. *Shanahan*, 54 N. H. 437; *Selleck* v. *Selleck*, 19 Conn. 501; *Collinsville* v. *Scanland*, 58 Ill. 221; *Roffey* v. *Bent*, L. R. 3 Eq. Cas. 759; *Bosley* v. *Davies*, L. R. 1 Q. B. Div. 84; *Redgate* v. *Haynes*, L. R. 1 Q. B. Div. 89; *Hipkins* v. *Birmingham Gas Co.*, 5 H. & N. 75.

As the wilful letting or suffering another to occupy premises, which a person owns or has the control of, for the purpose of being used for the illegal sale of spirituous liquors, is prohibited under a penalty, it follows that the plaintiff whose testate wilfully suffered his premises to be so used by the defendant cannot recoverd for their use and occupation. *Bartlett* v *Vinor*, Carth. 252—*S. C.*, Skin. 322; *Bliss* v. *Brainard*, 41 N. H. 256, 268, and authorities cited; *Allen* v. *Deming*, 14 N. H. 133; *Lewis* v. *Welch*, 14 N. H. 294.

*Judgment for the defendant.*

STANLEY, J., did not sit: the others concurred.