## John C. Birket

v.

## Henry W. Williams.

</div>

*Trespass—Stock—Sec. 1, Chap. 8, R. S.—Fence—Evidence—Instructions—Damages.*

1.  Under Sec. 1, Chap. 8, R. S., the owner of cattle must keep them from his neighbor's premises, or respond for damages caused by them.

2.  In the case presented, the declaration is broad enough to cover both common law and statutory liability.

3.  The measure of damages for injury to growing trees in a nursery is the loss in the market value thereof.

### [Opinion filed December 8, 1888.]

APPEAL from the County Court of Peoria County; the Hon. LAWRENCE W. JAMES, Judge, presiding.

Messrs. WM. S. KELLOGG and JAMES A. CAMERON, for appellant.

Our Supreme Court has decided in the case of Stoner et al. v. Shugart, 45 Ill. p. 76, that the common law concerning animals and fences has never been in force in Illinois, except where it is a partition fence undivided, owned all by one or all owned jointly. If this branch of the common law did not contemplate a dividing fence between inclosed lands, then it was a dead letter, because the Supreme Court of our State held in the cases of Oil v. Rowley, 69 Ill. Rep. 469; Stoner v. Shugart, 45 Ill. 76; Headen v. Rust, 39 Ill. 186; Chicago, etc., R. Co. v. Cauffman, 38 Ill. 424; Misner v. Lighthall, 13 Ill. 609; and Seeley v. Peters, 5 Gilm. 130, that cattle were allowed to run at large until limited by statute, and land owners must fence out in order to recover for trespass. We think, however, it will not be claimed seriously that the common law governing division fences in Illinois does now or ever did apply to a fence dividing the commons of adjacent land owners; but it does seem to be seriously contended for in this case, and the court has so instructed, that since our Legislature has, by the act concerning "animals running at large," in force July 1, 1874, said that the owner of any horse, mule, ass, cattle, sheep, goat or swine is governed by the old common law generally and specially, "animals that escape without the permission of the owner are not running at large contrary to law." Kinder v. Gillespie, 63 Ill. 88; Ohio & M. R. Co. v. Jones, 63 Ill. 472; Town of Collinsville v. Scanland,

58 Ill. 221; Akers v. George, 61 Ill. 376; Case v. Hall, 21 Ill. 632, and many others which clearly and unmistakably hold that the owner of animals is not responsible for damages done by them, certainly to uninclosed premises, unless through his negligence, or his "suffering"—as construed by the court, "permitting"—them to run at large. And this is a matter of fact the court should have permitted the jury to determine.

Messrs. IRWIN & SLEMMONS, for appellee.

LACEY, P. J. This was a suit in trespass *quare clausum fregit* by appellee against appellant, and the second count for trespass of defendant's cattle pasturing on the lands of appellee and destroying his nursery trees.

There was a plea of the general issue and plea to the second count that the said close was not fenced by a good and sufficient fence, to which latter plea the court below sustained a demurrer, and appellant abided his plea.

This demurrer was properly sustained, for the reason that Sec. 1, Chap. 8, R. S. 1874, which was in force in Peoria county, practically re-enacts the common law upon the subject of permitting cattle to run at large, and now, in this State, where the statute is in force, every man must keep his cattle from his neighbor's premises or respond in damages for injuries committed by them. Lee v. Burk, 15 Ill. App. 651. The appellee's close consisted of a piece of ground of over six acres, and he had occupied it since March, 1886, and it was leased of appellant. It was used to raise nursery stock and small fruit trees, the stock being composed of apple trees, pear trees, cherry trees, plum trees, shade trees, evergreens and small fruits. The appellant had been in possession five or six years. The fence through which appellant's cattle escaped was a wire fence separating the appellee's nursery from the inclosure of appellant. It was a partition fence. It is insisted on the part of appellant that Sec. 1 should be so construed that if the cattle escape without fault of the owner and commit damages on the premises of another, the owner is not liable. We do not so construe the law. The common law always did prevail as to partition fences, and by the statute it governs as to outside

fences. Lee v. Burk, above; and as to partition fences, see Seeley v. Peters, 5 Gilm. 130 ; Stoner v. Shugart, 45 Ill. 76.

By the common law every man was bound to keep his cattle on his own land or respond in damages for their trespasses. D'Arcy v. Miller, 86 Ill. 102. The appellant cites in support of his proposition that the common law is not re-enacted by said Sec. 1. Certain cases, Kinder v. Gillespie, 63 Ill. 88 ; Town of Collinsville v. Scanland, 58 Ill. 221 ; Wede v. Shed, 9 Ill. App. 226, and like cases, are cited. The most of the cases cited are where a penalty is sought to be recovered, and have no application. The case above cited in 9 Ill. App., arose under a special statute against bulls running at large, and has no application, and has reference to the special liability of the owner, who was not the custodian.

We see no grounds for variance between the proof and declaration, even if the point had been raised in the court below, which it was not. The declaration is sufficiently broad to cover common law liability for trespass for stock.

It is insisted that other stock committed trespasses, and the damages done by them could not be distinguished from the damages done by appellant's stock, and therefore the evidence is not sufficient to sustain the verdict, which is $100. We have carefully examined the evidence and are satisfied there was abundance of proof to sustain the verdict, and that it would have sustained a larger amount.

We do not think that the sixth and seventh instructions complained of, given for appellee, are justly liable to the criticisms made. The sixth, fairly read, does not assume that there were actual damages, and the objection to the seventh, that it does not require the damages to be proven, is not well taken. Fairly read, it does require such proof. The modification of appellee's second instruction is not error. The measure of damages was not improperly stated. It was proper to recover for damages to the market value of the trees. The damages recovered were less than five cents per tree for the number of trees shown to have been browsed off by appellant's sheep and cattle, and according to the evidence that was very moderate.

The judgment is therefore affirmed.

*Judgment affirmed.*