### William P. Myers v. Ellen Lape.

1. DOMESTIC ANIMALS—*What is Not a " Running at Large" Within the Statute.*—A domestic animal which has escaped from its enclosure without the fault of its owner, and to recover which such owner is making reasonable efforts, is not running at large within the meaning of the statute.

2. SAME—*Size and Color of Horses Do Not Preclude Them from the Use of the Highway—Frightening Horses.*—The mere fact that a horse is small or of an unusual color does not preclude its owner from using it on the highway, even though other horses may become frightened at it.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1901. Reversed, with a finding of facts. Opinion filed April 9, 1902.

LAWRENCE & LAWRENCE and WINTER & REARICK, attorneys for appellants.

JONES & PARTLOW and KEESLAR & ACTON, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

Appellee, while driving on the public highway, was thrown from her buggy by reason of her horse being frightened by a pony belonging to appellant, which was at the time loose on the highway, and thereby sustained very serious injury. To recover damages for such injury she brought this suit. A trial by jury resulted in a verdict and judgment in her favor against appellant for $1,000. The declaration contains four counts. In the first and third it is charged that it was the defendant's duty to restrain the

Myers v. Lape.

pony from being at large upon the highway; that he failed to so restrain it, but allowed it to pass beyond his control out upon the highway, whereby it frightened appellee's horse and caused the injury, etc. In the second count the defendant is charged with permitting his pony to run at large upon the highway contrary to the provisions of the statute. In the fourth count it is alleged that the pony was of unusual appearance, of a malicious disposition and accustomed to frighten horses, and that it was unsafe to permit it to go upon the highway unaccompanied by an attendant, of all of which the defendant had notice; that the defendant permitted the pony to be at large upon the highway unattended, and that while so at large, it frightened plaintiff's horse and caused the injury.

The evidence shows that appellant had several small spotted ponies, which he kept in an enclosure on his farm. In some way, which the evidence heard on the trial does not disclose, the pony in question escaped from the enclosure onto the highway. A servant of appellant, engaged in hauling gravel, saw it out about an hour and a half after seeing it in the enclosure. He and his son attempted to drive it in when appellee's horse became frightened at it, and turning suddenly, upset the buggy. The pony was coming slowly along the road and was making no demonstration whatever toward the horse. There is no evidence in the record to sustain the charge in either one of the first three counts of the declaration. The pony was not " at large" in violation of the statute. A domestic animal that has escaped from its enclosure without fault of the owner, and to recover which the owner is making reasonable efforts, is not " running at large." (Kinder v. Gillespie, 63 Ill. 88.) Cattle, hogs and horses are frequently driven in herds along the highway, and when in charge of the owner or his servants are not at large. It does not appear from the evidence that the pony was either vicious or mischievous, and appellant had the same right to the highway for the purpose of leading or driving it that appellee had to drive her horse. The horse was frightened, evidently,

because of the diminutive size or color of the pony. The law places no prescription as to the size or color of a man's horse to entitle him to the use of the public roads. Of course, if a horse is vicious or mischievous, so as to make it dangerous to ride or drive him among other horses, the duty of keeping him under control rests upon the owner and he takes him upon the highway at his peril. But the mere fact that the horse is small, or of unusual color, does not preclude him from using it on the highway, even though some other horse may become frightened at it.

The evidence fails to show that appellant was guilty of any negligence whatever. It does not appear that the fence was insufficient or that he or his servants left the gates open. As soon as the pony was discovered out, immediate steps were taken to recapture it. Without proof of negligence the judgment can not stand, and will therefore be reversed; but the cause will not be remanded.

**Finding of Facts.**—We find that appellant was not guilty of the negligence charged against him in the declaration, and that the injury to appellee complained of was due to the unruly conduct and fright of her own horse, for which appellant was in nowise responsible.