J. H. EVANS, Respondent, v. J. R. HOLMAN et al.,
Appellants.

Kansas City Court of Appeals, April 4, 1904.*

1. **ANIMALS: Impounding: Ordinance: Decision.** This case is af-
firmed on the authority of Spitler v. Young, 63 Mo. 42, although
conflicting with McVey v. Barger, 92 Mo. App. 489, and Jeans v.
Morrison, 99 Mo. App. 208, and is therefore certified to the Su-
preme Court.

2. ——: ——: ——: ——. Arguendo, the changed con-
dition relating to fences, since the decision of the case of Spitler
v. Young, supra, is noted.

3. ——: ——: ——: ——: **Offense.** Arguendo, the differ-
ence between impounding an animal found at large and
convicting the owner of an offense, is likewise noted.

Appeal from Randolph Circuit Court.—*Hon. John A.
Hockaday,* Judge.

AFFIRMED AND TRANSFERRED TO THE SUPREME COURT.

ELLISON, J.—Plaintiff's cow escaped from his
pasture and went upon the streets of the city where
she was found and taken charge of and put in the city
pound by a city officer. The officer refused to surrender
the cow to plaintiff unless he would pay the costs in-
cident to impounding her. Plaintiff refused and brought
the present action of replevin and recovered judgment
in the trial court. The evidence tended to show that
the escape was not through any negligence of plaintiff
and was unavoidable. That immediately upon discover-
ing the escape he set out in search of her with the pur-
pose of again confining her within his enclosure.

The first section of an ordinance of the city pro-
vides that whoever shall permit his domestic animals
to run at large within the city limits shall be deemed

*Note—Received by the reporter November 6, 1905, without
briefs.

114 app—29

guilty of a misdemeanor. The second section provides that the city marshal shall take up and impound any animal found running at large within the city limits; and section three provides that he may sell it on proper notice. Section four provides, that whenever any animal is taken up and impounded, the owner at any time before sale may redeem it by paying the proper costs of impounding; but that such redemption would not prevent his being prosecuted for permitting it to be at large.

The case is practically identical with that of Spitler v. Young, 63 Mo. 42, wherein it was decided that the owner whose animals unavoidably escaped into the streets of a city or town and were straightway sought by him could sustain replevin without paying the cost of impounding. The same view was taken of a case, substantially identical, by the Supreme Court of Illinois. [Kinder v. Gillespie, 63 Ill. 88.]

But an entirely contrary view was taken by the St. Louis Court of Appeals in McVey v. Barker, 92 Mo. App. 498. It is there held that notwithstanding an unavoidable escape of animals on the streets of a town or city, the proper official may impound them and hold them against the owner until he pays the cost of impounding. That case was affirmed by the same court in Jeans v. Morrison, 99 Mo. App. 208. The charter governing that case was not broader or more comprehensive than the charter governing Spitler v. Young, found in Laws of 1874, p. 409, section 11, as is apparent from the opinion in the latter case.

The truth is, that conditions have changed since the Spitler case and the Kinder case were decided by the Supreme Courts of Missouri and of Illinois, respectively. Reasons exist now which were not recognized as existing, in Missouri at least, at the date of those decisions; and unreasonable and unjust consequences would now follow from the construction then placed upon laws and ordinances for the restraint of stock which would not

have resulted at that time.   It has now come to be common for the people of cities and towns to dispense with fences around their premises, when formerly they were considered a necessity.  And indeed, fences are not now required in the country where the stock law is in force. If stock was unavoidably at large for a short time in the day of those decisions the consequences were not serious, and, if harmful at all, only in small degree.  Now, however, if stock is at large, it is but a little while until lawns, shrubbery, gardens and fields are partially wrecked or totally destroyed.   Necessarily some one should have authority to immediately take them in charge, without waiting to ascertain how they came to be at large, and obviously this would not and could not be done except at some cost.   That the owner should pay even though not at fault is merely his misfortune.  And after all, as said by Judge BARCLAY in the McVey case, the authority to impound is beneficial to the owner, though at small cost to him, since his animals would otherwise "be exposed to greater risk of destruction if left to wander."   The judge might have added: and exasperate property owners.

Authority to impound an animal found at large is totally different and distinct from authority to convict the owner of an offense.  [McVey v. Barker, supra; Sloan v. Hubbard, 34 Ohio St. 583; Jeans v. Morrison, 99 Mo. App. 208.]   For the latter requires guilt, and guilt does not attach to an act which is unavoidable; while the mere fact of an animal being at large, with or without the consent of the owner, imposes a necessity that it should be immediately restrained.

In the conflict between the Supreme Court and the St. Louis Court of Appeals, we must, of course, follow the former.  And as the case was tried in conformity to the view taken by the Supreme Court, we will affirm the judgment.   But as we are thus brought in conflict with the St. Louis Court of Appeals in McVey v. Barker, 92 Mo. App. 498, and as it is quite important that the ques-

tion whether Spitler v. Young should be considered as the rule governing such questions in the future, we will certify the case to the Supreme Court. All concur.