## William H. Walsh, Appellee, v. Henry A. Hertzog, Appellant.

### Gen. No. 5306.

REPLEVIN—*when does not lie for animal taken while running at large.* If an animal is taken while trespassing upon the land of another, replevin does not lie against the owner of such land so taking such animal unless a tender of at least nominal damages has been made by the owner of such animal.

Replevin. Appeal from the County Court of Will county; the Hon. GEORGE J. COWING, Judge, presiding. Heard in this court at the October term, 1909. Reversed. Opinion filed March 11, 1910. Rehearing denied April 13, 1910.

JOHN W. DOWNEY, for appellant.

E. MEERS, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

The parties to this suit resided in the city of Wilmington. November 19, 1908, appellant found appellee's horse upon his premises and shut him up in his barn, and upon appellee's making a demand for the horse, refused to give him up unless he was paid $2 as damages. Whereupon appellee, without tendering damages, brought suit in replevin to recover possession of the horse before a justice of the peace of Will county and obtained a judgment. On appeal to the County Court of said county the cause was tried by a jury, who returned the following verdict: "We, the jury, find the issues for the plaintiff, and that the right to the possession of property in question is in the plaintiff." The court overruled a motion for a new trial and entered judgment on the verdict, from which judgment this appeal is taken.

Counsel for appellee argue, that, as the evidence shows that appellee's son was in pursuit of the horse

when it was taken up by appellant, under the authority of Kinder v. Gillespie, 63 Ill. 88, the horse was not running at large in a legal sense. The Kinder case was a suit brought to recover a penalty for permitting horses to run at large contrary to the provisions of an ordinance, and the court there held that there must be some guilty intention or wilful neglect before a party can be made liable for the penalties imposed by an ordinance. As this was not a suit to recover a penalty, for the violation of an ordinance or a statute, but to recover possession of an animal taken up and held for damages under section 21, chapter 54 Hurd's R. S. 1908, for trespassing, the Kinder case does not apply. This is also true of the case of Case v. Hall, 21 Ill. 632, cited by appellee. "Stock at large, with or without the knowledge or consent of the owner, is unlawfully and wrongfully at large, unless by an affirmative vote, the county, city or village, precinct or town, has been excepted out of the general rule and policy of the state." Bulpit v. Matthews, 145 Ill. 345. The city of Wilmington had not been excepted out of the general rule but had an ordinance prohibiting domestic animals from running at large.

Counsel for appellee argue that the amount demanded was in excess of the actual damages done, and that a tender was therefore rendered impracticable. Irrespective of whether or not appellant was entitled to the sum demanded as actual damages, he was at least entitled to nominal damages, as it is not disputed that the horse was taken up while trespassing upon his premises. "Every unauthorized entry on the land of another is a trespass, for which an action will lie. The law implies damage to the owner, and in the absence of proof as to the extent of the injury, he is entitled to recover nominal damages." Pfeiffer v. Grossman, 15 Ill. 53; McPherson v. James, 69 Ill. App. 337. Appellee should have made a tender of damages before bringing suit, and if he had, and had kept it good, then upon the trial it would have been a question

of fact as to whether the tender was sufficient. A tender of damages must be made by the owner of stock for the damage done, at least nominal damages, before he can extinguish the lien of the taker-up, and be in a position to maintain replevin. Holcomb v. Davis, 56 Ill. 413.

As this judgment must be reversed, because it is against the law and the evidence, we do not deem it necessary to consider other assignments of error.

The judgment is reversed.

*Reversed.*

Finding of facts to be incorporated in the record:

We find that appellee did not tender damages before the suit was commenced; therefore it is not maintainable.