THE CITY OF CHAMPAIGN, Plaintiff-Appellee, *v.* ROBERT I. AULER, Defendant-Appellant.

Fourth District   No. 4—82—0215

Opinion filed November 17, 1982.

Robert I. Auler, of Auler Law Offices, of Urbana, for appellant.

Frederick Stavins, City Attorney, of Champaign (Kathryn L. Samuelson, Assistant City Attorney, and Terrence J. Anastas, law student, of counsel), for appellee.

JUSTICE MILLS delivered the opinion of the court:

A Staffordshire terrier became  entangled in a "leash law."

The question: Is the element of knowledge or *scienter* required of the dog's owner to find him in violation of this ordinance?

The answer: Yes.

We reverse.

Defendant Auler was found guilty of violating a municipal ordinance of the city of Champaign which prohibits dogs from running at large and was fined $10. He appeals from the judgment of the trial court.

Auler was charged with violating sections 6—6 and 6—19 of the Municipal Code of Champaign (1975), as amended. Section 6—6 provides:

"No person owning any dog *** shall suffer or permit such dog to disturb the peace and quiet of the neighborhood by barking *** or by running through or across public property or private property other than that of the owner."

Section 6—19 provides:

"(A) No owner of any dog shall permit such animal to run at large, or to be on any public place or private property other than that of the owner without being securely restrained by a leash or other means."

Eugene Jacobs testified on behalf of the city. On April 29, 1981, at approximately 6:30 p.m., Jacobs was walking his pair of greyhounds on the south side of Church Street just west of Prospect Avenue in Champaign. Suddenly, a Staffordshire terrier bounded across the street and attacked Jacobs' dogs. Jacobs identified the terrier as belonging to the defendant. The terrier was not on a leash or otherwise restrained.

Auler took the stand and admitted that he owns a Staffordshire terrier. On the evening of April 29, 1981, he was in Indianapolis, Indiana, with his wife. The babysitter left in charge of the defendant's children was told by defendant that she should not permit the dog to leave defendant's residence. Auler stated that he had no personal knowledge of the injuries to Mr. Jacobs' dogs and that he had taken steps to prevent his dog from running free. In a 10-year period the dog had crossed the line between defendant's driveway and the sidewalk only once.

In rebuttal, Jacobs testified that he had seen defendant's dog left unattended in the defendant's yard on several occasions.

The trial court found the defendant's dog was running at large during the evening of April 29, 1981. The court construed the ordinances as *malum prohibitum* offenses and held that the city was not required to prove defendant's mental state as an element of its case-in-chief.

Defendant contends that the trial court erred in construing sections 6—6 and 6—19 of the Municipal Code of Champaign (1975), as amended, as *malum prohibitum* offenses. He argues that the language found in the ordinance, especially the phrase "suffer or permit," indicates that the drafters of the ordinance intended that a violation would exist only where the dog owner *knew* that his dog was running at large or was negligent in failing to take measures to keep his dog from running at large. The city contends that the trial court's construction of the ordinance was correct and that public policy supports the view that a defendant's mental state is irrelevant in a case

of this nature.

Similar questions were presented to our supreme court in a series of Civil War era cases. In *Case v. Hall* (1859), 21 Ill. 632, the trial court dismissed the third plea of a complaint, which alleged that defendant's hogs were running at large in violation of an ordinance prohibiting such conduct. The supreme court affirmed the dismissal of the plea because the plea did not contain an allegation that the hogs were running at large at their owner's sufferance. The court went on to state:

> "This knowledge and sufferance is the *gist* [original emphasis] of the offense. The penalty is not to be enforced because the hogs were running at large, *but because the owner suffered them to run at large.*" (Emphasis added.) 21 Ill. 632, 636.

The court was confronted with yet another ordinance prohibiting hogs from running at large in *Town of Collinsville v. Scanland* (1871), 58 Ill. 221. The ordinance in question read:

> "That any person being the owner of *** any hog or hogs, shoat, or pig, who shall suffer the same to run at large *** shall be subject to a penalty of not less than five dollars nor more than fifteen dollars." (58 Ill. 221, 222.)

The defendant was found not guilty and the supreme court affirmed the verdict. The court held that the ordinance required that the owner of the hogs had known that the hogs were running at large or had been negligent in failing to keep the hogs from running at large. The court stated:

> "But to subject the owner to a penalty therefor, he must himself have participated in the act, by suffering it to be done, which requires that he should have knowingly permitted his hogs to run at large within the town, or have been guilty of such negligent conduct in enabling them to do so, as would have been equivalent thereto." (58 Ill. 221, 225.)

Similarly, in *Kinder v. Gillespie* (1872), 63 Ill. 88, the court held that a horse owner was guilty of violating a "running at large" ordinance only if there was some guilty intention or wilful neglect on the part of the horse owner.

These early cases were relied on by the Second District in an opinion construing a liquor control ordinance containing similar language. In *Hansmar, Inc. v. Illinois Liquor Control Com.* (1979), 78 Ill. App. 3d 690, 397 N.E.2d 241, defendant was found guilty of various liquor control ordinance violations and his liquor license was suspended. One of the allegations contained in the complaint alleged that the defendant did "suffer or permit" a minor to remain in licensed

premises in violation of the ordinance.

On appeal, the Second District held that the phrase "suffer or permit" contained in the ordinance required that the plaintiff prove either authorization, knowledge or recklessness in failing to know on the part of the defendant liquor licensee. See also *Fitzgerald v. Illinois Liquor Control Com.* (1980), 82 Ill. App. 3d 1018, 403 N.E.2d 696.

The city contends that sections 6—6 and 6—19 are *malum prohibitum*, relying on *Village of Northbrook v. Cannon* (1978), 61 Ill. App. 3d 315, 377 N.E.2d 1208. In *Cannon*, an ordinance prohibited any animal owner from causing or permitting that animal to create a nuisance by running uncontrolled. Defendant was convicted of violating the ordinance and appealed his conviction, contending that plaintiff failed to prove he permitted his dogs to run uncontrolled because it failed to show that he had knowledge of the violation.

The court affirmed defendant's conviction. The court compared the language of the Illinois Environmental Protection Act (Ill. Rev. Stat. 1981, ch. 111½, par. 1001 *et seq.*) to the language of the ordinance and compared the purposes behind each measure. Seeing what it considered to be an obvious analogy, the First District relied on several cases involving violations of provisions of the Environmental Protection Act to hold that lack of knowledge or intent is not a defense to a charge of allowing or permitting a given result.

We do not find that *Cannon* controls the result in this case. *Cannon* does not cite or distinguish the authorities cited by defendant in the case at bar. Therefore, we do not choose to follow the holding in *Cannon*.

The Champaign ordinance declares that anyone who shall "suffer or permit" their dogs to run at large is in violation of the ordinance. The phrase "suffer or permit" has been construed by the highest court of this State as requiring proof of knowledge or negligent conduct on the part of the animal's owner. (*Case; Town of Collinsville; Kinder*.) The supreme court has not chosen to overrule or modify its holdings in these cases, and we find that *Case* and its progeny control the result in the case at bar.

■ *Ergo*, we hold that in a prosecution under sections 6—6 and 6—19 of the Municipal Code of Champaign (1975), as amended, the city must prove that the dog owner either intentionally permitted his dog to run at large or was negligent in failing to take steps to prevent such conduct.

■ The trial court erred in its construction of the ordinance. The city failed to show that defendant's conduct was either intentional or

negligent. Consequently, defendant's conviction and fine for violating sections 6—6 and 6—19 is reversed.

Reversed.

LONDRIGAN and LEWIS, JJ., concur.