MARTINE OLSEN

*v.*

ANNA M. UPSAHL.

1. TRESPASS—*those abetting liable as principal actors.* There are no accessories in trespass, but all who are concerned with the trespass in any manner are principals. The person who commands, or stands by and approves, is guilty in like manner with the one who does the act.

2. In trespass growing out of the service of a writ of restitution in a forcible detainer case, by an officer, the defendant, who was the plaintiff in the writ, and who was sued alone for the officer's act, asked an instruction that, if the trespass was committed by other individuals than the defendant, the jury should find for the defendant, unless she aided and abetted in the commission of the trespass. To this the court added: "or authorized the constable to take possession of the house by moving the plaintiff and her goods, or, with a knowledge thereof, approved the same:" *Held,* that the instruction, as asked, did not properly lay down the law, and that the modification was proper.

18—69TH ILL.

69   273
140   192

69   273
44a 546

69   273
70a 357

69   273
83a 424

69   273
184   502

69     273
110a ᵇ591

3. In the same case, the defendant asked the court to instruct the jury that, unless they believed, from the evidence, that the defendant was guilty of having committed the trespasses named in the declaration, they should find for the defendant, which was refused: *Held,* that it was rightfully refused, being calculated to mislead the jury, as it was not claimed the defendant committed the trespass in person.

4. INSTRUCTION—*assuming facts.* An instruction should not assume the existence of certain facts, but should inform the jury what the law is, applicable to the case.

5. TRESPASS—*matter of justification must be specially pleaded.* The rule is well settled that, in actions of tort, matters in discharge or justification of the action must be specially pleaded.

6. In trespass, under the general issue, the defendant can not justify the act complained of, under legal process, the only issue presented being, whether the defendant is guilty of the trespass.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. SPAFFORD, McDAID & WILSON, for the appellant.

Mr. JOHN LYLE KING, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of trespass *quare clausum fregit,* brought in the circuit court of Cook county by Anna M. Upsahl against Martine Olsen, to recover for breaking and entering her dwelling house.

The only plea filed by defendant was the general issue. At the March term, 1873, of the court, the cause was tried before a jury, the trial resulting in a verdict for plaintiff for $300. The defendant appealed.

The facts in this case, as shown by the record, are these: The plaintiff was a tenant of defendant. Suit was instituted by the defendant against the plaintiff to recover possession of the leased property, before a justice of the peace. The plaintiff, being a Norwegian, and not understanding the English language, did not understand the nature of the summons, and did not understand where the trial was to be held. The result was, judgment was obtained against her, and a writ of

restitution issued and placed in the hands of a constable. The constable went to execute the writ, and found the door locked. He then went to the defendant for instructions. She went with him to the house and directed him to break open the door and carry out the goods, which he did. Just before he had finished taking out the goods, the plaintiff appealed the case, and had a *supersedeas* served on the constable. In the circuit court the defendant dismissed her action of forcible detainer at her own costs.

The carpets were torn and household goods otherwise damaged in taking them from the house to the street.

The first error complained of by the defendant's counsel is, the modification of her second instruction, which reads as follows:

"The jury are instructed that, even though they should believe, from the evidence, that a trespass was committed against the plaintiff, yet, if it was committed by other individuals than the defendant, they ought not to find the defendant guilty, unless they believe, from the evidence, that the defendant aided and abetted in the commission of such trespass."

To this instruction the court added this, "or authorized the constable to take possession of the house by moving the plaintiff and her goods, or, with a knowledge thereof, approved the same."

The doctrine in regard to trespass is, that there are no accessories; all who are concerned in any manner with the trespass are principals. The person who commands, or stands by and approves, is guilty in like manner as the one who does the act. *Dedman* v. *Barber*, 1 Scammon, 254.

The instruction, as asked, did not properly lay down the law. It excluded those elements of responsibility that arose from authorizing, commanding, or standing by and approving the trespass. The modification was proper.

It is next insisted that the court erred in refusing to give defendant's first instruction, which read as follows:

"The jury are instructed that the burden of proof is upon the plaintiff, and unless the jury believe, from the evidence, that the defendant is guilty of having committed the trespass complained of in plaintiff's declaration, then they should find for the defendant."

This instruction was properly refused. Its effect would have been to mislead. It was not claimed that the defendant in person committed this trespass, yet, by this instruction, the jury were directed, unless they believed the defendant *herself* committed the trespass, they would find for the defendant. The instruction might have been proper if the action had been against the person who actually did the trespass.

It is insisted that the court erred in refusing to give defendant's third instruction, which is as follows:

"The jury are instructed that the mere fact that the defendant was at or in the vicinity where such trespass was committed, if they believe any trespass was committed, is not sufficient evidence to find her guilty in this case."

The object of an instruction is, to inform the jury what the law is, applicable to the case on trial, and not to assume certain facts proven; it is for the jury to determine what the facts proven are.

This instruction assumes as a fact, existing in the case, and so tells the jury, that the defendant was at or in the vicinity where the trespass was committed. It was for the jury to determine, from the evidence, and not from instructions, the whereabouts of the defendant when the trespass was committed. We see no error in refusing this instruction.

The defendant claims the court erred in refusing to give her 4th and 7th instructions. The 4th is as follows:

" The jury are instructed that, if they believe, from the evidence, that the acts complained of as trespass in this case

Syllabus.

were the acts of an officer pursuing the authority of a writ of restitution, in evidence in this case, and that the said officer committed the acts complained of in pursuing the authority of such writ of restitution, then they can not find said defendant guilty, even though they may believe, from the evidence, she was present when said writ was executed by such officer."

The 7th instruction is similar to the 4th, at least the same question is involved in each.

These instructions were properly refused, for the reason that the defendant could not justify under the writ without pleading it. The only plea on file was, not guilty, and the only issue under that plea, before the jury, was the defendant guilty of the trespass?

We understand the rule to be well settled, in actions of tort, matters in discharge or justification of the action must be specially pleaded. *Hahn* v. *Ritter*, 12 Ill. 83.

Had the defendant desired to justify under the writ, that issue should have been tendered by special plea, but she saw proper not to take that course, but to rely entirely on denying the trespass, and with that she must now be content.

Perceiving no error in the record, the judgment will be affirmed.

*Judgment affirmed.*