## WALTER BARKER

*v.*

## ELIZABETH KOOZIER

1. PLEADING—*counts in case and trespass may be joined.* Under the statute abolishing the distinction between actions of trespass and trespass on the case, there is no reason why a count in trespass and one in trespass on the case may not be joined in the same declaration.

2. SAME—*defect in, when cured by verdict.* A declaration which avers that the defendant unlawfully drove along the center of the traveled track of the highway and thereby forced the defendant upon a bank, whereby his carriage was upset, without averring that the plaintiff and defendant met in the highway and that defendant refused to turn to the right, whilst it might be bad on demurrer, will be sufficient to sustain a judgment where the general issue is filed and a trial had, and the evidence shows that the parties did meet and that defendant refused to turn to the right, and thereby the injury was occasioned. In such case the defect in the declaration is cured by the verdict.

APPEAL from the Circuit Court of Peoria county; the Hon. J. W. COCHRAN, Judge, presiding.

Mr. H. M. WEAD, for the appellant.

Mr. R. S. BIBB, and Mr. I. E. LAMBERT, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of trespass, brought by Elizabeth Koozier, against Walter Barker, to recover for wrongfully and negligently driving his carriage in the centre of the traveled track of the highway in such a manner that the plaintiff, who was driving her carriage in an opposite direction, was compelled, in passing, to turn out and drive on to a bank, whereby her carriage was upset, and she sustained injury. The plaintiff recovered a verdict and judgment for $500, and defendant appealed.

The declaration contained three counts. It is insisted that the first count is a count in case, and not in trespass, and that case and trespass can not be joined. We are unable to appreciate the force of this position, in view of our present statute which abolishes the distinctions between the actions of trespass and trespass on the case. Under this statute abolishing all distinctions between the two forms of action, we can not perceive any foundation for such an objection as, that one count is in case and the other two in trespass, and that case and trespass can not be joined.

It is next objected that the first count, which was amended, is bad, and does not set forth any cause of action whatever.

The averment of the count, in substance, is, that defendant drove a team of horses, with a carriage attached, wrongfully and negligently in the centre of the traveled track of the highway, and, by reason thereof, plaintiff, who was driving along the highway, with due care, in an opposite direction, was forced, by reason of the said unlawful and negligent driving of the defendant, against an embankment, upsetting the carriage of plaintiff and throwing her with great violence out of her carriage against the carriage of defendant, causing her great injury, etc.

The count might have been bad on demurrer, in not averring a meeting of the parties upon the road with their carriages, and a failure of defendant to turn to the right of the centre of the road; but a plea of not guilty was filed to the count, and trial had thereon, and defects which would have been fatal on demurrer were cured by the verdict. The count alleges, generally, that the defendant drove wrongfully, unlawfully and negligently in the centre of the traveled track of the highway, without setting out the conditions under which it became wrongful, unlawful and negligent to so drive. But the evidence shows that the parties met with their carriages, and that defendant failed to turn to the right of the centre of the road. We think the count should be considered sufficient after verdict.

It is next objected that no judgment could be, or ought to have been, rendered, unless the plaintiff entered a *nolle prosequi* as to the second and third counts. We know of no authority to warrant such a position.

It is insisted the verdict was not warranted by the evidence. We regard it as fully so.

There was warrant to find, from the evidence, that the parties met with their carriages; that plaintiff was driving on a slow trot, defendant at a fast trot; that he drove along the centre of the traveled track, and failed to give any portion of the road, although there was ample and favorable ground for him to have turned to the right; that plaintiff, in the use of due care to avoid a collision, turned to the right, and, for want

of there being sufficient room between defendant's carriage and the bank, plaintiff's carriage was forced upon the bank and overturned, whereby she was thrown out and sustained serious injury.

It is lastly objected that the court erred in giving instructions for the plaintiff. Upon examination of them, and considering the defects suggested, we perceive no substantial ground of complaint as regards instructions.

The judgment must be affirmed.

*Judgment affirmed.*