# WILLIAM F. COMSTOCK
## v.
# FRED ODERMAN.

LANDLORD AND TENANT—TRESPASS—PLEADING.—An action of trespass brought against a landlord by a tenant for breaking and entering the demised premises and raising the building, whereby the tenant's walls were cracked, etc.; the landlord filed a plea of not guilty. *Held*, proper to disallow the justification, to-wit: that the building was unsafe and the work was simply done to strengthen it. Such justification should have been specially pleaded and evidence of the justification is admissible only in mitigation of damages.

APPEAL from the Superior Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding. Opinion filed February 17, 1886.

Messrs. WILSON & ZOOK, for appellant; that if the building in question, a part of which was leased to appellee, was in fact, at the time of the execution of the lease, in an unsafe or dangerous condition, and knowledge of such condition was afterward brought to the attention of appellant, it was his duty to make such repairs upon said building as would render the same reasonably safe to life, property, and occupancy, and for such entry and such repairs he would not be liable to appellee in an action of trespass, cited Taylor's Landlord and Tenant, 7th Ed. §174; 4 Wait's Actions and Defenses, 256; 14 Am. Law Reg. (N. S.) 646; Cooley on Torts, 324; Meader v. Stone, 7 Met. 147; 2 Greenleaf on Evidence, § 619; Bigelow v. Jones, 10 Pick. 161; Blood v. Wood, 1 Met. 528; Kenebeck v. Call, 2 Mass. 486; Taylor v. Whitehead, 2 Douglas, 745 ; Bullard v. Harrison, 4 M. & S. 387.

Mr. LEVI SPRAGUE, for appellee; as to pleading, cited 1 Chitty Pl. 538; 2 Greenleaf on Evidence, § 625.

BAILEY, P. J. This was an action of trespass, brought by Oderman, the appellee, against Comstock the appellant. The

declaration contains four counts. The first count alleges the demise by the defendant to the plaintiff of a suite of rooms in a certain building known as 291 and 293 Wabash avenue, in the city of Chicago, the lease containing a covenant for quiet enjoyment, and also alleging that the defendant, during the term of the demise, with force and arms, broke and entered the demised premises, and by means of screws, levers, posts and pillars, raised said building from its foundations, thereby breaking and damaging the walls and ceilings, and rendering the premises unfit for the purpose for which they were demised to the plaintiff, to-wit, for the purpose of a dwelling for the plaintiff and his family. The second and third counts allege the breaking and entering of the demised premises by the defendant, with force and arms, and damaging the same in certain manner in said counts respectively specified; and the fourth count charges the defendant with breaking and entering said premises, with force and arms, and evicting and expelling the plaintiff from the possession thereof. The defendant appeared and filed a plea of not guilty, and upon the issue thus formed, a trial was had before the court and a jury, resulting in a verdict and judgment in favor of the plaintiff for $150 damages.

The evidence tended to show that, during the term of the lease, and while the plaintiff was in possession of the portion of the building demised to him, consisting of a suite of rooms in the fourth story, the defendant employed certain men to enter said building, and by means of screws, blocks, etc., to raise up a portion or one side of the building, which had settled below its original position several inches, whereby the floors, walls and ceilings of the plaintiff's rooms were cracked and injured, the water pipes and water closets obstructed, and the plaintiff's premises rendered uncomfortable and dangerous as a dwelling place for himself and family.

The evidence also tended to show that said building, at the time of the execution of the lease, was, and up to the time the defendant made said entry continued to be, in an unsafe and dangerous condition, and that said entry and the acts done by the defendant and his employes, were for the purpose of mak-

ing necessary repairs, so as to render the building reasonably safe for the persons and property of the occupants. It is claimed that these facts justified the entry, and that the court and jury wrongfully ignored the defense thereby established.

A plea of not guilty in trespass operates merely as a denial that the defendant committed the trespass complained of, but matters in justification must be specially pleaded. 1 Chitty on Plead. 534; Olsen v. Upsahl, 69 Ill. 273; Harris v. Miner, 28 Id. 135; Hahn v. Ritter, 12 Id. 80. It was therefore the duty of the court and jury to disallow the justification of the trespass, which the defendant now seeks to make out from the evidence, and they were at liberty to consider the evidence bearing upon that defense only so far as it might tend to mitigate the defendant's damages.

The defendant asked several instructions to the jury which were refused. We think they were properly refused. Most of them were based upon the assumed defense of justification which was not pleaded, and none of them, in our opinion, stated with accuracy any rule of law applicable to the case as it was presented to the jury upon the pleadings and proofs. There being no error in the record, the judgment will be affirmed.

Judgment affirmed.