JANE A. DAVISON v. JOHN SHANAHAN AND HENRY APEL.

*Practice in Supreme Court—Costs—Trespass—Liability of land-owner for acts of contractor.*

1. No costs will be allowed for printing a record where the bill of exceptions consists of 112 pages, and contains the entire testimony, which should have been condensed into a few pages.

2. The mere fact of ownership of a lot, upon which a house is being erected on contract, will not make the lot-owner liable for acts of trespass committed by the contractor upon an adjoining lot.

3. An instruction, in an action of trespass, that the plaintiff must satisfy the jury that she has been willfully and maliciously injured in order to recover, is erroneous.

Error to Wayne. (Brevoort, J.) Argued November 2, 1892. Decided November 18, 1892.

Trespass. Plaintiff brings error. Reversed as to defendant

Apel, and affirmed as to defendant Shanahan. The facts are stated in the opinion.

*Thomas Hislop,* for appellant.

*James H. Pound,* for defendants.

GRANT, J. Plaintiff and defendant Shanahan were owners of adjoining lots. Plaintiff resided upon her lot, and Mr. Shanahan let a contract to defendant Apel for the erection of a house upon his lot. Plaintiff claimed, and gave evidence tending to prove, that various acts of trespass were committed by Apel and his workmen upon plaintiff's lot. The court directed a verdict of not guilty as to defendant Shanahan, and the jury acquitted defendant Apel.

1. The instruction to acquit defendant Shanahan was correct. He neither committed, authorized, nor directed the acts complained of. He cannot be held liable simply because he was the owner of the lot, and the work was being done for his benefit.

2. The circuit judge instructed the jury:

" If the plaintiff has satisfied you, by a preponderance of evidence, that she has been willfully and maliciously injured, your verdict will be for the plaintiff; if she has not, your verdict will be for the defendant."

The instruction was erroneous. No willfulness or malice on the part of defendant Apel was necessary to the plaintiff's recovery. For this error the judgment must be set aside as to defendant Apel, and a new trial ordered. But it will be affirmed as to defendant Shanahan, with costs.

The bill of exceptions consists of 112 pages, and contains the entire testimony taken. It should have been condensed into a very few pages. For this reason no costs for printing record will be allowed plaintiff.

The other Justices concurred.