## Standard Brewery v. Jacob Nudelman.

1. CHATTEL MORTGAGES—*After-Acquired Property.*—A chattel mortgage upon property to be acquired by the mortgagor after its execution is ineffectual.

2. SAME—*Upon a Stock of Merchandise Kept for Sale.*—A chattel mortgage upon a stock of merchandise on hand and kept for sale is void as against purchasers.

3. SAME—*Foreclosure by Agents Under General Directions.*—General directions to his salesman by the holder of a chattel mortgage, which covers the right of possession of the premises, to foreclose the same, leaves to such salesman the exercise of discretion as to taking possession of the premises.

4. VERDICTS—*When Final.*—A verdict upon conflicting and irreconcilable evidence is final.

Trespass.—Assault and battery. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed June 14, 1897.

Standard Brewery v. Nudelman.

STEIN & PLATT, attorneys for appellant.

M. SALOMON, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

There is a fair average of perjury in this case, but we can not tell on which side, and must accept the verdict of the jury as being based upon the truthful testimony.

August 6 or 7, 1892, the appellee bought from one Panoff a saloon, upon the contents of which, June 18, 1892, Panoff had given a mortgage to the appellant. The mortgage in terms included all wines, liquors and cigars that might be added to the stock, and the leasehold interest of Panoff in the premises.

What sort of leasehold interest Panoff had in the premises is not shown with any degree of certainty. If the appellant would justify under the mortgage of it, what it was should be proved.

The abstract does not show that the appellant pleaded in justification that Panoff had any leasehold interest, nor what replications were filed. Olsen v. Upsahl, 69 Ill. 273.

As to stock that might be added the mortgage was ineffectual. Jones, Chat. Mtges., Sec. 138, cited with approval in Borden v. Croak, 131 Ill. 68; and as to stock on hand, kept for sale, the mortgage was void against a purchaser. Deering v. Washburn, 141 Ill. 153.

After an interview between the appellee and the president of the appellant in the forenoon of August 11, 1892, during which it does not appear that any unpleasantness occurred, the president gave the mortgage to a salesman of the appellant with directions to collect the money—$450— and if he did not get the money, to get a constable and forclose.

The salesman obeyed the instructions, got a constable and another man, went to the saloon, took possession of the place, and took away stock, furniture and fixtures. Thus far there is no dispute, and a clear case of trespass is made out. On a mortgage of the movables in the saloon, which in fact were moved the same day in wagons of the appel-

lant, the appellant had no right to turn the appellee out nor to take away any stock kept for sale, whether bought by the appellee from Panoff or brought in afterward, of which there is testimony as to part of the stock.

The general directions to foreclose a mortgage, which in terms covered the right of possession of the premises, left to the salesman the exercise of discretion as to taking possession of the premises. Moir v. Hopkins, 16 Ill. 313.

Why the president directed the salesman to get a constable, was a proper subject of inquiry before the jury. There was no legal process to be served. Only muscle to handle and wagons to transport the goods were necessary to the foreclosure.

The jury might well infer that, intending to turn out of doors, without any right shown so to do, a man in peaceable possession, the appellant thought resistance might be expected, and that " arms and the man " might be necessary to overcome such resistance.

In fact the constable shot the appellee, wounding him in the shoulder.

The appellee sued and has recovered $1,500 against the appellant and the constable. The result is presumed to be right unless the record shows it to be wrong. No complaint is made of instructions given at the request of the appellee, or by the court without request, and in those, with four given at the request of the defendants below, all the law applicable to the case was before the jury.

The whole controversy is upon the evidence—conflicting and irreconcilable—and the verdict is final.

The damages are liberal, as the wounding was not severe, but the transaction was arbitrary and tyrannical.

The judgment is affirmed.