# James Sholl, Henry Sholl and Samuel V. Sholl v. Jacob Straesser.

1. TRESPASS—*For Taking Coal—Burden of Proof.*—In an action of trespass for taking coal, the burden of proof is upon the plaintiff, not only to show that the coal was taken from his land, but before defendants can be made responsible, he must show that they took the coal, or in some way aided, assisted or directed the taking, or that they had charge or control of the underground work of the mine, and were therefore bound to know at their peril whose coal was being taken.

Trespass, for taking coal. Trial in the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Finding and judgment for plaintiff. Appeal by defendants. Heard in this court at the May term, 1898. Reversed and remanded. Opinion filed September 26, 1898.

JACK & TICHENOR, attorneys for appellants.

FOSTER & CARLOCK, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Action of trespass by appellee against appellants for removing coal under the lands of the former. A jury was waived and a trial by the court resulted in a finding and judgment against appellants for $1,750, to reverse which they prosecute this appeal.

The principal error assigned and argued is, that the finding and judgment are against the evidence of the case. It appears that Adam Sholl, the father of appellants, during the time of the alleged trespasses, was the owner of a coal mine adjoining the lands of appellee; he was old and infirm and gave little or no attention to the work personally, and died before this suit was begun. In the employ of Adam Sholl were the appellants, who each worked upon a salary; one was bookkeeper and office man in the city; the other two looked after surface work in the field and around the shaft and slope. The pit boss, Thome, had direct charge of all underground mining operations. It does not appear

from the evidence that any of the persons connected with the work in the mine, nor the appellants, knew the line of appellee's premises had been crossed, the pit boss himself testifying he knew nothing of it, although in fact a large quantity of coal was taken from appellee's lands. There is no evidence tending to show that appellants, or any of them, knew coal was being taken from appellee's premises; there is no sufficient evidence to show their duties required them to know anything concerning the underground operations; nor to give any order or directions relating thereto; or that they in fact ever gave directions with reference to such matters. This work was wholly in charge of the pit boss, who was directly responsible to the proprietor, Adam Sholl, from whom he received orders and directions, if any were given.

The burden of proof was upon the appellee, not only to show that the coal was taken from his land, but before appellants could be made responsible, that they in some way aided, assisted or directed the removal thereof, or that they had charge or control of the underground work, and therefore were bound to know at their peril the coal of appellee was being taken. This we think he failed to do, and the evidence falls short of proving the liability of appellants for the alleged trespasses, and for this reason we think the finding and judgment is against the evidence, and the latter will be reversed and the cause remanded for a new trial.