## Chicago & E. I. R. R. Co. v. Peter Casazza.

83  421
90  279

83    421
114   4522

1. CARRIERS OF PASSENGERS—*What is Not an Improper Exercise of the Police Power Conferred by Statute.*—If a conductor, acting in good faith, requests a passenger to leave the train for non-payment of fare, and upon his refusal uses only such force as is reasonably necessary to eject him, such removal is not an improper exercise of the police power conferred by statute, and is not an unjustifiable assault *per se.* It is only when, under such circumstances, unreasonable and unnecessary force and violence are used, that such an assault begins.

2. ASSAULT—*Defined.*—An assault is defined to be an unlawful beating.

3. TRESPASS—*When it Will Lie Against a Railroad for Forcibly*

*Ejecting a Passenger.*—Trespass will lie against a railroad company for forcibly ejecting a passenger where the ejection is unlawful in itself, and not from the mode of doing it.

4.  SAME—*Matters of Justification Must be Specially Pleaded.*—Matters in discharge or justification in an action of trespass must be specially pleaded and can not be given in evidence under the general issue.

5.  STATUTES—*Abolishing the Distinction Between Trespass and Trespass on the Case.*—The statute abolishing the distinction between trespass and trespass on the case does not operate to give any other remedy for acts so done than before existed.  But the statute has removed any foundation for the objection that case and trespass can be joined, or that one count in a declaration is in trespass and another in case.

6.  WITNESSES—*Tests Must Extend to All Alike.*—A test, when applied to one witness, must extend to all alike who are interested.

7.  PASSENGERS—*Duty to Obey Conductor.*—It is the duty of the passenger to leave a train when requested, whether rightfully or wrongfully, by the conductor; and if he refuses and is injured in consequence by being forcibly expelled, provided only such force is used as is reasonably necessary, he can not recover damages.  An actual refusal by the passenger is not necessary if his conduct is equivalent thereto.

8.  CONFLICTING EVIDENCE—*Jury Should be Correctly Instructed.*—Where there is a conflict in the evidence it is important that the jury should be **correctly** instructed.

Trespass on the Case, for personal injuries.  Trial in the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding.  Verdict and judgment for plaintiff; appeal by defendant.  Heard in the Branch Appellate Court at the October term, 1898.  Reversed and remanded.  Opinion filed May 26, 1899.

WILL H. LYFORD, WILLIAM J. CALHOUN and ALBERT M. CROSS, attorneys for appellant, contended that the court erred in modifying and refusing defendant's instructions as requested, to the effect that plaintiff could not recover damages for injuries caused by resisting the conductor if the conductor did not use unreasonable force in ejecting him from the train.  Pa. Co. v. Connell, 112 Ill. 295; P., C., C. & St. L. Ry. v. Russ, 6 C. C. A. (U. S.) 597.

IVES & MASON, attorneys for appellee, MARCUS KAVANAGH, of counsel, contended that in an action of assault, or any action of trespass, the defendant can not, under the general issue, introduce evidence to prove a justification.  A jus-

tification must be specially pleaded.    Hahn v. Ritter, 12 Ill. 80; Comstock v. Oderman, 18 Ill. App. 326; Olsen v. Upsahl, 69 Ill. 273; 1 Chitty on Pl., star page 501.

Mr. Presiding Justice Freeman delivered the opinion of the court.

This is an action of trespass.    Appellee seeks to recover for injuries claimed to have been forcibly and violently inflicted by a train conductor in the employ of appellant. It is conceded that appellee was forcibly ejected from a suburban passenger train.    The declaration charges a malicious and wanton assault, and the use of unnecessary, excessive and unreasonable force.    The defendant pleaded the general issue.

There is some conflict in the evidence.    Appellant contends that appellee was under the influence of liquor.    At all events, he was asleep when the conductor came through the train collecting fares.    It is not claimed that he had a ticket, or paid or offered to pay his fare.    The theory of the plaintiff's case is that before appellee was fully awake the conductor began the assault, and that at no time thereafter did the passenger have any opportunity to pay or to offer to pay the fare.    It is said that if the passenger did not refuse to pay his fare the conductor had no right to eject him, and consequently his action in so doing constitutes a malicious and wanton assault.

If the passenger did not in fact pay or offer to pay, and had reasonable opportunity to do so, then his conduct was equivalent to a refusal.

If the conductor acted in good faith, requested the passenger to leave the train for non-payment of fare, and upon his refusal to leave used only such force as was reasonably necessary in ejecting him, then such removal is not an improper exercise of the police power conferred by statute, and is not an unjustifiable assault *per se*.    Rev. Stat., Chap. 114, Sec. 100.

It is only when under such circumstances unreasonable and unnecessary force and violence are used that such an assault begins.

Whether or not the conductor acted in good faith, and gave a reasonable opportunity for payment, and upon failure or refusal to pay used only such force as was reasonably necessary in removing the appellee, were questions for the jury, and we are not warranted in interfering with the finding upon the facts, if the jury was accurately instructed as to the law applicable.

The defendant company has, under proper pleadings, the right to justify the removal and deny that an assault had been committed, and to offer evidence tending to sustain such denial by showing that under the circumstances in evidence the removal of the passenger was not an assault, which is defined to be an unlawful beating (Rev. Stat., Chap. 38, Secs. 54 and 55), but a lawful exercise of statutory authority. The principle is stated in St. L., A. & C. R. R. Co. v. Dalby, 19 Ill., upon page 375, where it is said:

"Where the act is unlawful in and of itself, and not from the mode of doing it, trespass would lie. This case may serve to illustrate: Suppose the passenger had actually refused to pay his fare, then the act of removing him from the cars would have been lawful, and if the conductor had done this lawful act so carelessly as to produce an injury, the remedy would have been case against the company."

It is said, however, that matters in discharge or justification in an action of trespass must be specially pleaded, and can not be given in evidence under the general issue. That such is the rule is well established. Hahn v. Ritter, 12 Ill. 80; Comstock v. Oderman, 18 Ill. App. 326.

In Olsen v. Upsahl, 69 Ill. 273, it was held that the acts of an officer acting under the authority of a writ must be specially pleaded; and in Bryan v. Bates, 15 Ill. 87, which was an action for assault and battery, imprisonment, etc. Demurrers to special pleas justifying by alleging the defendant was an officer, were overruled.

In Case v. Hall, 21 Ill. 632, 635, it is said that " the rule is, where an officer himself attempts to justify his acts done by virtue of his office, he must allege and prove himself an officer *de jure*." In cases like that under consideration, special pleas were filed, setting up the lawful exercise of

authority.   St. L., A. & C. Ry. v. Dalby, 19 Ill. 375; C., B. & Q. R. R. Co. v. Bryan, 90 Ill. 127.

In the present case, however, the defendant company, under its plea of the general issue to the declaration in trespass, had the right to introduce evidence tending to show appellee's refusal to pay the fare, refusal to leave the train, and resistance to the effort to remove him, in mitigation of damages, in the absence of any plea of justification.

In Blalock v. Randall, 76 Ill. 224, 228, it is said that trespass will not lie for an act done under legal process or by an officer of competent jurisdiction.   Case only will lie, and that on the ground of malice and want of probable cause.   The statute abolishing the distinction between trespass and trespass on the case does not operate to give any other remedy for acts so done than before existed. But the statute has removed any foundation for the objection that case and trespass can not be joined, and that one count in a declaration is in trespass and another in case. Barker v. Koozier, 80 Ill. 205.

But the authority of the officer must still be specially pleaded.

We can not agree with appellant's contention that there is no evidence of an assault, in view of the failure or refusal of appellee to pay fare.   Though it be true that a conductor may not be acting unlawfully in ejecting a passenger, it does not necessarily follow that he does not or can not commit an assault in so doing.   Whether such an assault was committed without provocation was for the jury to determine from the evidence.   We find no error in the instruction to that effect, in failing to define what an assault without provocation is.

The defendant requested an instruction as follows:

"The plaintiff is permitted by law to testify in his own behalf, but the law also provides that his interest in the event of the suit may be considered by the jury in determining the credit to be given to his testimony."

This instruction the court modified by substituting for

" plaintiff " the words " the parties to the suit are," etc. We think the instruction was improperly modified. The plaintiff was the only party to the suit who testified, or could do so. The defendant is a corporation. The conductor who testified is not now in the employ of the defendant, and no witness except the plaintiff has, so far as appears, any interest in the event of the suit. The instruction falls, therefore, within the rule of Penn. Co. v. Versten, 140 Ill. 637–642, which is that " the test, when applied, must extend to all witnesses alike who are interested," and we discover no reason why the instruction should not have been given as requested. West Chicago St. Ry. Co. v. Estep, 162 Ill. 130; West Chicago St. Ry. Co. v. Dougherty, 170 Ill. 380.

The fifth instruction, as requested by appellant, was as follows:

" It is not necessary that a person claiming to be, or actually being, a passenger on a train of a railroad company should forcibly resist an attempt of the conductor to remove him therefrom in order to entitle such person to maintain an action against the company for a wrongful ejection. And if he refuses to leave the train when requested, and forcibly resists the attempt of the servants in charge of the train to eject him, he can not recover damages because of being forcibly expelled, if the force used by the servants is not greater than is reasonably necessary under the circumstances. So in this case, if you believe from the evidence that the conductor of the train in question told plaintiff he must leave the train, and that plaintiff refused to leave the same, then he can not recover for any injury he may have sustained while being put off the train, except such injuries, if any, which were caused by the use of unreasonable force by the servant or servants of the defendant, if you believe such unreasonable force was used."

The court modified the instruction as follows:

" It is not necessary that a person claiming to be, or actually being, a passenger on a train of a railroad company, should forcibly resist an attempt of the conductor to remove him therefrom in order to entitle such person to maintain an action against the company for a wrongful ejection. So in this case, if you believe from the evidence that the conductor of the train in question demanded the fare from the plaintiff, and that the plaintiff refused to pay the same, or

to produce a ticket entitling him to passage on that train, and that the conductor then told plaintiff he must leave the train, and that plaintiff refused to leave the same, then he can not recover for any injury he may have sustained while being put off the train, except for such injuries, if any, which were caused by the use of unreasonable force by the servant or servants of the defendant—if you believe such unreason-able force was used."

The instruction as asked for was to the effect that it is the duty of the passenger to leave the train when requested, whether rightfully or wrongfully, by the conductor; and that if he refuses and is injured in consequence by being forcibly expelled, provided only such force is used as is reasonably necessary, he can not recover damages therefor.

As modified, the instruction was to the effect that it was not the duty of the passenger to leave the train when requested by the conductor unless he had actually refused to pay fare or produce a ticket; that it was only in case of being forcibly expelled, when he had thus refused to pay his fare, that he could not recover for injuries necessarily received in being put off. The inference from the instruction as given is that appellee could refuse to leave the train when required by the conductor to do so, and could then recover for injuries inflicted, even by such force as was reasonably necessary to expel him, if only he had not actually refused to pay fare or produce a ticket. As we have said, actual refusal was not necessary if his conduct was equivalent thereto.

This instruction affected the measure of damages. It is said in Penn. R. Co. v. Connell, 112 Ill. 296:

" When the conductor demanded that appellee should pay fare or leave the train, he would have been justified in refusing to pay fare and leaving the train on the command of the conductor; and had he done so he would have received no personal injuries, and might then have brought his action and recovered as before stated; but when he refused to leave the train, and thus compelled the conductor to resort to force, he can not recover for an injury which he voluntarily brought upon himself."

The testimony is conflicting as to what occurred between

appellee and the conductor with reference to the payment of fare, the refusal of appellee to leave the train peaceably, and the degree of force and resistance employed. Where there is such conflict, it is important that the jury should not be incorrectly instructed.

The instruction went directly to the measure of damages, and appellant concedes that the evidence was proper to be considered by the jury in mitigation of damages.

For the reasons indicated, the judgment of the Superior Court is reversed and the cause remanded.