## Annie E. Kiley v. Chicago City Ry. Co.

1. CARRIERS OF PASSENGERS—*Tickets and Fares.*—A passenger upon a street car paid her fare for the entire trip and requested a transfer ticket to a connecting line but was inadvertently given one on another and different line, which upon presentation to the conductor on the proper line was refused and upon her refusal to pay an additional fare she was removed from the car. Under these circumstances it was held that the conductor had no right to expel her from the car and the company was held liable.

2. SAME—*Resistance of Passengers to Officers of the Train.*—A passenger can not recover for injuries which he voluntarily brings upon himself by resisting the efforts of the trainmen to remove him from the train, or undertaking to retain his place on the train by force.

3. SAME—*Punitive Damages for Removal of Passengers.*—When trainmen in removing a passenger from the train for the non-payment of fare, act in a willful and malicious manner or with a wanton disregard of the passenger's rights, the jury have a right to assess punitive or exemplary damages in addition to damages for actual injuries received.

4. SAME—*Duty Toward Passengers.*—It is the duty of a carrier to see that its passengers are not exposed to the indignity of a public ejection from the train during the progress of the trip for which the carrier has agreed to carry him, through the negligence or mistake of its agent in giving him a wrong ticket or transfer.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed July 17, 1900.

Statement.—This is a suit to recover for personal injuries alleged to have been inflicted by a conductor employed by appellee, while ejecting appellant from a street car.

Testimony was introduced tending to show that in June,

1896, while riding upon one of appellee's cars running upon Thirty-first street, Chicago, appellant paid her fare to the conductor, requested a transfer to appellee's Wentworth avenue line, and received from him a transfer slip or ticket. At Wentworth avenue she left the Thirty-first street car, and boarded a car going north. To the conductor upon said car she tendered the transfer but he refused to accept it, and demanded payment of fare. The testimony of the conductor is to the effect that he refused to accept the transfer ticket so tendered him because it was not good upon his car; that it was the wrong color, red or pink instead of green as it should have been; that it was punched in the place indicating that it was given to be used upon a car going east or west from the Cottage Grove avenue line, and not upon the Wentworth avenue line going north; that he showed appellant transfers from the Thirty-first street line which he had just taken up, as indicating the correct transfer ticket which appellant ought to have presented, telling her it was the only one he was authorized to accept; that he thought it probable she had another transfer and had pulled out the wrong one; that he left her and came back afterward; that she insisted he must accept the transfer she offered, refused to pay her fare or let any one pay it for her, and declared she would ride upon that transfer, telling him he did not dare to put her off; that after thinking the matter over he concluded it was his duty under the company's rules, to either collect her fare or put her off; that he stopped the car, told her she must pay or leave; that she refused to do either, and he took her by the arms, lifted her from the train, using no more force than was necessary, told the driver to go ahead, and when the car had started so that he thought she could not run and "flip it" he left her and boarded his train.

ASA Q. REYNOLDS, attorney for appellant; SHOPE, MATHIS & BARRETT, of counsel.

WM. J. HYNES and W. J. FERRY, attorneys for appellee; M. B. STARRING, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.

The transfer slip tendered by appellant to the conductor was introduced in evidence, and it is probably true as stated by counsel for appellant, that it would be very difficult for the ordinary passenger to assure himself by examination of such slip over what line it entitled him to ride. Although Wentworth avenue does not appear to be mentioned thereon, at least a dozen and probably more intersecting lines are referred to, and while its meaning would no doubt be plain to the initiated, it would require some explanation to make its purport clear to others.

So far as appears from the evidence, undisputed, though perhaps not unquestioned, appellant received—probably by mistake—from the conductor upon the Thirty-first street line, an improper transfer, possibly one which he had just previously taken up from another passenger. In this that conductor must be considered to have been negligent. Assuming, as we must from the evidence, that she had paid her fare to the Thirty-first street conductor and received from him the transfer slip in question, in response to her request for a transfer to the Wentworth avenue line, she was rightfully upon the Wentworth avenue car and entitled to conveyance thereon.

" The conductor had no right to put her off for not paying her fare, and the company was liable for the act of the conductor." N. Y. L. E. & W. R. R. Co. v. Winter, 143 U. S. 60.

Appellee pleaded to the general issue, and also filed a special plea, alleging refusal of the plaintiff to pay fare as it was her duty to do when requested, wrongful refusal to leave the car at the conductor's request, forcible resistance to the conductor's rightful effort to remove her, whereby she was a little injured, the conductor using no more force than was necessary. To this special plea, appellant replied that the defendant committed the several trespasses of its own wrong. The jury found appellee guilty, but assessed the plaintiff's damages at the sum of one dollar.

It is urged by counsel for appellant that the damages are grossly inadequate in view of the evidence tending to show,

as it is claimed, that appellant was unnecessarily, seriously and permanently injured while being forcibly removed from the car. If, however, the verdict of the jury in this respect is supported by evidence which, if the jury believed it, was sufficient to warrant the conclusion reached, and they were correctly instructed as to the law applicable, this court ought not to disturb the verdict, where it does not appear to have been influenced by passion, prejudice or mistake.

It is said, however, that the jury were wrongfully instructed, the court misapprehending the rule laid down in Penn. Railroad Co. v. Connell, 112 Ill. 295. It is urged in the briefs, and was ably insisted upon oral argument, that the doctrine of that case is carried to the very limit, and will not be extended further or re-affirmed, to the same extent, at least, as to transfer slips upon street railways; that the trend of the later cases is that where there is no question of the authority of the agent who sells the wrong ticket and the passenger is guilty of no fault, then the railroad company is responsible for the acts and mistakes of its own agents, must stand any loss itself and permit the passenger to proceed; that under such circumstances, if it ejects the passenger, it does so at its peril. In support of this view we are referred to a number of cases, including the following : Hufford v. Railroad Co., 64 Mich. 631; Maroney v. Old Colony N. Ry. Co., 106 Mass. 153; Penn. Co. v. Bray, 125 Ind. 232; Head v. Georgia Ry. Co., 79 Ga. 358; Laird v. Pittsburg Traction Co., 166 Penn. Stat. 4; Muckle v. Rochester Ry. Co., 79 Hun, 32. In 25 Am. & Eng. Ency. of Law, p. 1076, it is said that under such conditions, " that the conductor has no right to expel the passenger, and if he does so the company is liable in damages therefor, would seem to be the better doctrine; it certainly has the support of the more recent cases." A large number of such cases are cited as sustaining this statement of the text.

It is not necessary to question the soundness of this proposition. It is not, we think, in conflict with the Connell case above referred to. The appellee having been found

guilty by the jury, is no doubt liable in damages for wrong-
fully putting appellant off the car.   But in that case (Penn.
R. R. Co. v. Connell, 112 Ill. 295) the Supreme Court held
that the passenger could not recover for injuries which he
voluntarily brought upon himself by resisting the effort of
the trainmen to remove him, or undertaking to retain his
place on the train by force.   So in the case before us, appel-
lant is not entitled, under the law as so laid down, to recover
for any injuries caused by her resistance to the conductor's
efforts to remove her, and the court so instructed the jury.
But they were also instructed that if they believed from
the evidence the conductor acted willfully or maliciously,
or with a wanton disregard of appellant's rights, then they
had the right to assess punitive or exemplary damages, in
addition to damages for actual injuries, if any.   The dam-
ages assessed—one dollar—seem to indicate they did not so
believe.

It is true, however, that the verdict at first view appears
inconsistent with itself.   By her declaration, appellant
alleged *inter alia* " that said conductor refused to accept
said ticket and caused the car to be stopped and willfully
and maliciously intended to injure the plaintiff, and in dis-
regard of his duties in the premises violently and roughly
forced her from the car."   Of this the verdict apparently finds
appellee guilty, and yet assesses the damages at only one
dollar.   But it is not charged in the declaration, the con-
ductor used more force than was reasonably necessary to
effect the removal; and for injuries- necessarily caused in
removing her because of her refusal to go off peaceably, she
is not entitled to recover.   As was said in C. & E. I. Ry.
Co. v. Casazza, 83 Ill. App. 421, " even if a conductor may
not be acting unlawfully in ejecting a passenger, it does not
necessarily follow that he does not or can not commit an
assault in so doing," if he uses more force or violence than
are reasonably necessary, and this is a question for the jury.
But no such allegation here appears in the declaration.

The jury in the case before us found appellee guilty upon
the issue made by the special plea.   They found, therefore,
in effect, that appellant did not wrongfully refuse to pay

her fare or leave the car, and that she was wrongfully ejected. We are inclined to agree with appellant's counsel that where, as in the case at bar, the fare appears, from the evidence, to have been duly paid, it becomes the duty of appellee through its agents to see to it that the passenger is not exposed to the indignity of public ejection during the progress of the trip for which the street car company has agreed to carry him or her, through the negligence or mistake of its agents in giving a wrong ticket or transfer. It may well be doubted, when the street railway company has refused to perform its duty in this respect, the passenger who has been wrongfully ejected is remitted to an action for breach of contract and to recover as damages therefor ·the small sum paid as fare. To so hold is to deny practically any remedy whatever. But we find no substantial error in the instructions as given, and none is pointed out. While it may seem as if a passenger rightfully upon a street car should have a right to refuse to obey a wrongful order of a conductor to leave, and passively at least, to resist removal, and if injured by such resistance to recover damages therefor, such is not the law in this State as voiced by our Supreme Court. Until otherwise advised by that body it is our duty to follow the law as they have stated it.

We regard the damages as inadequate for the wrongful removal. But that was a matter peculiarly within the province of the jury, and we are unable to discover any sufficient ground for interfering with their determination, and substituting our judgment for theirs. It is our duty, therefore, finding no substantial error in the record, to affirm the judgment of the Superior Court. Affirmed.