## Thomas Coxon and John Coxon, Appellees, v. United States Fuel Company, Appellant.

1. PRINCIPAL AND AGENT, § 200*—*when knowledge of agent deemed knowledge of principal.* The knowledge of a surveyor that, when he gave directions to a lessee of coal mining rights in a mine to proceed a certain number of feet further than he had gone, such lessee had already encroached on land of another must be regarded as the knowledge of his principal, the mine owner.

2. MINES AND MINERALS, § 7*—*when lessor liable for trespass of lessee in abstracting coal of another.* Where the trespass of a lessee of coal mining rights in encroaching upon the land of another and abstracting coal was acquiesced in, authorized and ratified by the lessor, the latter is liable in trespass for the damages sustained by the owners of the mined coal.

3. MINES AND MINERALS, § 7*—*when coal mine owner liable for trespass by lessees in abstracting coal of another.* A coal mine owner cannot be held liable for the trespassing acts of lessees of mining rights in encroaching upon the land of another and abstracting coal, except in so far as it is shown to have authorized, directed or, with full knowledge of the facts, ratified the acts complained of.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. CONTRACTS, § 205*—*construction of by court.* The construction of contracts is for the court.

Appeal from the Circuit Court of Vermilion county; the Hon. WALTER BREWER, Judge, presiding. Heard in this court at the October term, 1917. Reversed and remanded. Opinion filed October 22, 1918.

KNAPP & CAMPBELL and REARICK & MEEKS, for appellant; JOHN R. COCHRAN, of counsel.

ACTON & ACTON and ISAAC A. LOVE, for appellees.

MR. JUSTICE GRAVES delivered the opinion of the court.

The parties to this suit owned adjoining coal lands. Appellant gave permission in writing to Mons Olson and James Cunningham to mine the coal underlying certain separate parts of its lands. Appellees claim that Olson and Cunningham not only removed the coal under the lands of appellant but crossed the line and removed coal under the lands of appellees. This suit in trespass was brought to recover damages from appellant for the alleged acts of Olson and Cunningham. Appellees recovered a judgment for $1,400 against the United States Fuel Company, and it has prosecuted this appeal.

The proof does not show that appellant in any way authorized, acquiesced in or knew of the acts of Olson in mining coal under the premises of appellees until about February 12, 1917, when it gave notice to him to desist from further trespassing on those premises. The proof further shows that no coal was taken from the premises of appellees by Olson after February 7 or 8, 1917. Prior to this notice Olson had mined 575 tons, worth $948.75, from appellees' land.

As to the operations of Cunningham, the evidence is that the surveyor in the employ of appellant told him

he could proceed in the direction of appellees' property 38 feet. Cunningham testified that he only proceeded 30 feet in that direction from the point where he was mining when the surveyor told him he could proceed 38 feet further. The testimony of the surveyor, who was called by appellees, was that when Cunningham stopped digging in the direction of their land, he had already encroached on their land 63 feet. If the testimony of these witnesses is true, then when appellant's surveyor told Cunningham he could proceed 38 feet further in that direction he was already over the line 33 feet. It is not denied that the surveyor who gave Cunningham those directions was the agent of appellant, at least for the purpose of locating the boundaries of the premises and mines; that he gave the directions related by Cunningham; that when these directions were given Cunningham was then 30 or more feet over the line on the premises of appellees, or that the surveyor knew it at the time he made this last survey and gave these directions. The knowledge the surveyor then had must be regarded as the knowledge of his principal, the appellant, yet Cunningham was allowed to mine and did mine 30 feet further on the premises before he was stopped by the flooding of the mine. His trespass at least in mining the last 30 feet must be regarded as having been known, acquiesced in, authorized and ratified by appellant. In that state of affairs appellant is liable in trespass for the damages sustained by appellees from the acts of Cunningham. The evidence, however, failed to show that any of the coal mined there by Cunningham was ever removed from the mine, so that it was impossible for the jury from any evidence before them to compute the damages so sustained.

Appellees urge that they have a right to recover under the doctrine of negligence, on the theory that it was the duty of appellant to prevent persons working mines on its premises from encroaching on the lands

of others.  The cases cited in support of that theory do not apply to the facts in this case.  The acts of Olson and Cunningham in mining coal from appellees' lands were trespasses, and appellant cannot be held liable except in so far as it is shown to have authorized, directed or with full knowledge of the facts, ratified the acts complained of.  *Sholl v. Straesser,* 78 Ill. App. 101; *Gress v. Roberts,* 139 Ga. 795; *Davison v. Shanahan,* 93 Mich. 486; *Olsen v. Upsahl,* 69 Ill. 273.

In view of what has been said, it is apparent that the judgment must be reversed, because the evidence fails to so connect appellant with the acts of Olson as to make it liable therefor, and because there is no proof that any coal was taken from the mine by Cunningham that came from the premises of appellees.

The first instruction given at the instance of appellees is erroneous.  It leaves to the jury to construe the contract under which Olson and Cunningham operated.  The construction of contracts is for the court.

The judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*