𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

MOPSIKOV V. COOK.

March 21, 1918.

1. LIBEL AND SLANDER—*Hearsay Evidence.*—In an action for slander plaintiff testified "that his little girl said to him: 'Father, what is this they say about me, they say I am a 'nigger.' That he said to his little girl: 'No, darling, you are not, and they will be made to prove it.'" It nowhere appeared in the evidence that the defendant made the statement to the little girl that she was a negro, or that he caused it to be made. The fact that such a statement was made to the daughter was therefore inadmissible. Moreover, the father did not claim to know that the statement was in fact made to his daughter by anyone. The testimony of the father as to such statement was purely hearsay and hence also inadmissible. That error in the admission of such testimony was prejudicial to the defendant is obvious.

2. LIBEL AND SLANDER—*Evidence.*—In an action for slander, plaintiff's little daughter was allowed to testify that defendant's little girl called her a nigger doll.

   *Held:* That the admission of this testimony was reversible error, because it presented to the jury a statement to the plaintiff's daughter which was not made by the defendant, nor caused to be made by him, so far as appears from the record.

3. PARENT AND CHILD—*Torts—Libel and Slander.*—The mere relationship of father and child in the case at bar did not make the father legally responsible for the slanderous words of his minor daughter.

4. LIBEL AND SLANDER—*Origin of the Slander—Mitigation of Damages.*—The weight of authority is in favor of the view that if the defendant did not originate the slander, that is a circumstance which should be taken into consideration by the jury along with all the other evidence in the case, on the question of the presence or absence of actual malice, as distinguished from malice in law, in the speaking of defamatory words. At the same time, a defamatory statement not originated by him who repeats it, but one known by the latter to be false when he repeats it, may be as malicious as if originated by the slanderer. Hence, the isolated fact, if it be a fact, that the

defendant did not originate the slander, may or may not miti-
gate the damages in a particular case.

5. LIBEL AND SLANDER—*Instructions—Origin of Slander.*—A request
that the court instruct the jury in an action for slander that
if they believe from the evidence that the defendant did not
originate the alleged slander that that should be considered in
mitigation of damages, was properly refused, in the absence
of evidence on the part of the defendant as to his *bona fide*
belief in the truth of his statement; and even though such
evidence was present the trial court should avoid singling out
the circumstance of the non-originating of the slander by the
defendant; it should refer to that as merely one of the facts
or circumstances to be considered by the jury along with all
the other facts or circumstances in the case as bearing on the
presence or absence of actual malice in the utterance of the
slander, and should avoid the statement that such evidence
might be considered by the jury in mitigation of damages.  ·

6. INSTRUCTIONS—*Weight of Evidence—Libel and Slander.*—An in-
struction that if the jury believe from the evidence that the
defendant did not originate the alleged slander that that should
be considered in mitigation of damages, is on the subject of
the weight of evidence, on which a trial judge must, under our
practice, be particularly watchful and guarded in the matter of
giving instructions to the jury, so as not to invade the rightful
province of that important component part of the court.

7. LIBEL AND SLANDER—*Instructions.*—An instruction which ·plainly
referred the questions of fact to the jury, both whether the
defendant used the words in the declaration mentioned, and
whether he used them in bad faith and with malice, did not
assume that the defendant used such words.

8. LIBEL AND SLANDER—*Instructions.*—Where there was no defense
offered that the words complained of were not used in accord-
ance with their usual construction and common acceptation,
but the plaintiff expressly admitted so using them, an instruc-
tion is not erroneous because it contained the peremptory com-
mand that, if the jury believed that the alleged words were
used and that such words from their usual construction and
common acceptance are construed as insults and tend to violence
and breach of the peace, the jury *must* find for the plaintiff.

9. LIBEL AND SLANDER—*Damages—Pleading.*—The words alleged in
the declaration were proved to have been spoken as alleged.
They were actionable *per se* under the statute in Virginia on
the subject.   In such case no averment or proof of special
damage is necessary.   The declaration alleged that the words
affected the plaintiff's business.   If so, they were actionable
*per se* at common law also and a general allegation and general

proof of damages to the plaintiff's business was sufficient to sustain a finding by the jury of such damages without averment or proof of special damage to such business.

Error to a judgment of the Hustings Court of city of Portsmouth, in an action of trespass on the case. Judgment for plaintiff. Defendant assigns error.

*Reversed.*

### STATEMENT OF THE CASE AND FACTS.

This is an action by the defendant in error (who will be hereinafter referred to as plaintiff) against the plaintiff in error (who will be hereinafter referred to as defendant) for damages for slander. The defamatory words were alleged to have been spoken on a certain day named in the declaration and were to the effect that the plaintiff was a negro.

There was a plea of the general issue of not guilty by the defendant; a trial by jury upon the evidence and instructions which appear in the record; a verdict of $2,000 in favor of the plaintiff, which the trial judge refused to set aside; and the judgment of the trial court thereon, which is complained of before us by the defendant.

The assignments of error and the facts so far as necessary to be considered will be stated in the opinion of the court below.

*Tazewell Taylor* and *J. L. Broudy,* for the plaintiff in error.

*Richard J. Davis, Wolcott, Wolcott, Lankford & Kear* and *Jno. W. Reynolds,* for the defendant in error.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court:

1. Upon the trial of the case the plaintiff was permitted over the objection of the defendant, to testify to the following conversation between himself and his daughter of about nine years of age. The plaintiff testified "that his little girl said to him: 'Father, what is this they say about me, they say I am a nigger.' That he said to his little girl: 'No, darling, you are not, and they will be made to prove it.'"

The admission of this testimony is the basis of one of the assignments of error.

Omitting reference to other objections to the admissibility of this testimony, it is deemed sufficient to say that it nowhere appears in the evidence that the defendant made the statement to the little girl that she was a negro, or that he caused it to be made. The fact that such a statement was made to the daughter was therefore inadmissible in evidence. Moreover, the father did not claim to know that the statement was in fact made to his daughter by anyone. The testimony of the father as to such statement was purely hearsay and hence also inadmissible. There was error, therefore, in the admission of such testimony.

That it was error prejudicial to the defendant is obvious. The dramatic effect of the recital before the jury by the father and plaintiff of such a dialogue between himself and his little daughter could not have been otherwise than to have caused an enhancement of the damages—a result highly self-serving to such plaintiff. It was, therefore, reversible error.

2. Upon the trial of the case, the little daughter of the plaintiff above referred to was allowed to testify as a witness for the plaintiff, over the objection of the defendant, to the following statement:

"That * * * Mr. Mopsikov's (defendant's) little girl called her a nigger doll; that she came home and told her father that Mr. Mopsikov's little girl called her a nigger

doll; that Mr. Mopsikov's little girl calls her a nigger doll whenever she sees her."

The admission of this testimony was reversible error, for the reasons above indicated, because it presented to the jury a statement to the plaintiff's daughter which was not made by the defendant, nor caused to be made by him, so far as appears from the record. There is no evidence in the case tending to show that Mopsikov caused such a statement to be made by his child. The mere relationship of father and child did not make him legally responsible for the tort of his child. Such testimony, therefore, merely presented to the jury another dramatic dialogue between the plaintiff-father and his little daughter, admirably suited to enhance the plaintiff's recovery of damages, but in no way necessitated by the defendant, so far as is disclosed by the evidence properly in the case.

3. The refusal of the trial court to give the following instruction, asked for by the defendant, is the basis of another assignment of error, namely:

"The court instructs the jury that if they believe from the evidence that the defendant did not originate the alleged slander that that should be considered in mitigation of damages."

The authorities on this subject are conflicting. 17 R. C. L. section 211. The weight of authority is in favor of the view that if the defendant did not originate the slander, that is a circumstance which should be taken into consideration by the jury along with all the other evidence in the case, on the question of the presence or absence of actual malice, as distinguished from malice in law, in the speaking of defamatory words. At the same time, a defamatory statement not originated by him who repeats it, but one known by the latter to be false when he repeats it, may be as malicious as if originated by the slanderer. Hence, the isolated fact, if it be a fact, that the defendant did not

originate the slander, may or may not mitigate the damages in a particular case. Again: This instruction is on the subject of the weight of evidence, on which a trial judge must, under our practice, be particularly watchful and guarded in the matter of giving instructions to the jury, so as not to invade the rightful province of that important component part of the court.

Therefore, while the instruction may be said to embody a sound abstract proposition of law, we are of opinion that it was not error to refuse to give it to the jury in the form proposed in the instant case.

If there should be another trial of this case, and there should be evidence in behalf of the defendant tending to show that the defendant did not originate the alleged slander (as there is in the record before us), we think the trial court should refuse to give any instruction on the subject under consideration unless the defendant introduces evidence tending to prove on what information he based his statement, from whom it was received and under what circumstances, as bearing on the defendant's *bona fide* belief of the truth of his statement; that if such evidence should tend to show such a *bona fide* belief at the time the defamatory words were spoken, an instruction on the subject under consideration should be given if asked; and that the instructions in such case given by the trial court on the subject should avoid singling out the circumstance of the non-originating of the slander by the defendant; it should refer to that as merely one of the facts or circumstances to be considered by the jury along with all the other facts or circumstances in the case as bearing on the presence or absence of actual malice in the utterance of the slander; should avoid the statement that such evidence may be considered by the jury "in mitigation of damages;" and should otherwise avoid infringing upon the province of the jury as sole judges of the credibility of the witnesses and of the weight and effect to be given to the evidence on questions of fact.

4. The remaining assignments of error concern the giving by the trial court of instructions 1, 2 and 3 for the plaintiff. These instructions were as follows:

"No. 1. The court instructs the jury that if they believe from the evidence that the plaintiff is a white man and that the defendant used the words in the declaration mentioned in bad faith and with malice and that such words from their usual construction and common acceptation, are construed as insults and tend to violence and breach of the peace, then the jury must find for the plaintiff. And in assessing his damages, they may not only give him damages for the insult, and damages to compensate for any injury done to him or his business as shown by the evidence, but damages also to punish the defendant for his act and to deter others, but said damages shall not exceed $10,000, the amount named in the declaration in this action.

"No. 2. The court instructs the jury that if from the evidence they believe that the words contained in the declaration were used by the defendant, and were untrue, and if they further believe from the evidence that the defendant has reiterated the said words, then this is a circumstance tending to show malice on the part of the defendant.

"No. 3. The court instructs the jury that they must find for the plaintiff if the defendant used, with bad faith and malice, the words in the declaration contained, even though the defendant may have heard the plaintiff was a negro, and such statement was untrue."

There are three objections urged by defendant against instruction No. 1, which are stated in their order below:

(a) That the instruction was erroneous because it referred the jury to the declaration "to determine what words were used by the defendant and it further assumes that the defendant used the words in the declaration mentioned, because it provides if the jury believes that he did so use them in bad faith and with malice they must find for the plaintiff."

74

It is deemed sufficient on this point to say that we think the instruction plainly referred the questions of fact to the jury, both whether the defendant used the words in the declaration mentioned, and whether he used them "in bad faith and with malice," and did not assume that the defendant used such words.

(b) That the instruction was erroneous because it contained the peremptory command that if the jury believed that the alleged words were used and "that such words from their usual construction and common acceptance are construed as insults and tend to violence and breach of the peace, that the jury *must* find for the plaintiff—the point being that the words may not have been so intended in meaning by the defendant or so understood by .the plaintiff and all others who may have heard them. And the case of *Michaelson* v. *Tuck,* 79 W. Va. 31, 90 S. E. 395, holding that the giving of practically. the same instruction as that we have under consideration in a slander case, under the same statute as our Virginia statute on the subject, was error, is urged upon our consideration. In that case, however, there was defense made that the alleged defamatory words were not spoken with a meaning in accordance with their usual construction or common acceptance, but in a joke and in such a manner as to be so understood by the plaintiff and all who may have heard them spoken. In such a case the words used would not constitute slander at common law or under the statute. 1 Barton's Law Pr., page 194. Such, however, is not the case before us. In the instant case there was no such defense nor any defense that the words were not used in accordance with their usual construction and common acceptation. Indeed, the defendant expressly admitted so using them. Hence, there is no merit in the objection under consideration to the instruction given in the instant case.

(c) That the instruction is erroneous because it permits

the jury to compensate the plaintiff for an injury done to him in his business, upon mere proof of general loss in such business, without any special, specific damage being shown by the evidence.

The words alleged in the declaration were proved to have been spoken as alleged. They were actionable *per se* under the statute in Virginia on the subject. *Spencer* v. *Looney,* 116 Va. 767, 82 S. E. 745. In such case no averment or proof of special damage is necessary. 1 Barton's Law Pr., page 193. The declaration alleged that the words affected the plaintiff's business. If so, they were actionable *per se* at common law also and a general allegation and general proof of damages to the plaintiff's business was sufficient to sustain a finding by the jury of such damages without averment or proof of special damage to such business. *Idem,* pages 190, 191-2; 17 R. C. L., section 198. Hence, we find no merit in this objection to Instruction No. 1.

The objections by defendant to Instructions Nos. 2 and 3 are only that they are both amenable to the first ground of objection, (a) above noted, to Instruction No. 1, and that Instruction No. 3 is amenable to the additional criticism which is the second ground of objection to Instruction No. 1, (b) above noted, with respect to the use of the word "must" therein. What is said above disposes of such objections.

Therefore, we are of opinion that there was no error in the giving of the Instructions Nos. 1, 2 and 3 at the request of the plaintiff.

For the errors noted above, however, and for the reasons there given, we are of opinion to set aside and annull the judgment complained of and to grant a new trial to the defendant, to be had not in conflict with the views expressed in this opinion.

*Reversed.*