## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Anne Hunter Bell

v.

Littleton C. Hudgins, Sr.
Dorothy T. Hudgins,
Ramada Inn, and
Littleton C. Hudgins, III

May 31, 1983

Case No. Law 12,885

By JUDGE BERNARD G. BARROW

This is a suit for personal injuries brought by the victim of a malicious assault against her assailant, her assailant's parents, and her employer. A demurrer has been filed by the assailant's parents.

The plaintiff claims that the assailant's parents knew that the assailant had suffered serious emotional problems for a long time which frequently caused him to be violent. She further asserts that they should have arranged for him to be treated and cared for in an institution and that their failure to do so proximately caused her injuries.

She contends that the assailant's parents are liable under the doctrine known as "parental supervision." The assailant's parents contend that such a doctrine is not recognized as a cause of action in Virginia and further contend that, even if it is to be recognized, insufficient facts are alleged in the motion for judgment to support such a claim. I have concluded that the plaintiff's claim does not state a

cause of action and, therefore, the demurrer should be sustained.

The "parental supervision" doctrine, as expressed in the Restatement (Second) of Torts § 316 (1965), states:

> A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent:
>
> (a) Knows or has reason to know that he has the ability to control his child, and
>
> (b) Knows or should know of the necessity and opportunity of exercising such control.

Decisions in other jurisdictions on parents' liability for injury or damage intentionally inflicted by a minor child have arrived at differing results. Annot., 54 A.L.R.3d 974 (1973). Generally, it has been held that the mere fact of paternity does not make a parent liable for damage intentionally inflicted by a child; however, liability has been recognized where the relationship of master and servant exist or where the parent's own action constitutes negligence resulting in harm inflicted by a child. See 1 Harper and James, The Law of Torts, § 8.13 (1956).

Virginia has long and consistently held that the relationship of parent and child does not of itself impose liability upon a parent for the child's torts without the relationship of principal and. agent. Hackley v. Robey, 170 Va. 55, 65 (1938); Oliver v. Simmons, 161 Va. 294, 300 (1933); Green v. Smith, 153 Va. 675, 681 (1930); Litz v. Harman, 151 Va. 363, 377 (1928); Mopsikor v. Kook, 122 Va. 579, 583 (1918); Blair v. Broadwater, 121 Va. 301, 308 (1917); and Cohen v. Meador, 119 Va. 429, 437 (1916).

By statute the legislature has altered this by providing a cause of action against a parent for damages to public and private property caused by a minor's willful or malicious destruction of such property. Va. Code §§ 8.01-43 and 8.01-44 (1977). Monetary damages under either of these provisions is limited to $200.00. Ibid.

The provision imposing liability on a parent for damage to private property by a minor child does say that it is ". . . in addition to, and not in lieu of, any other law imposing upon a parent liability for the acts of his minor child."

Arguably this implies that there is some other law imposing upon a parent liability for the acts of his minor child. And, of course, a parent is liable where there is a relationship of master and servant, but such a proviso cannot be construed to recognize the existence of additional causes of action not otherwise expressed.

It is true that Virginia law recognizes certain liability by an owner of domestic animals for damage done by his animals, and the plaintiff relies on this by analogy for support of her position. In Butler v. Freiden, 208 Va. 352 (1967), an owner was held liable for injuries caused by his dog and in Perlin v. Chappell, 198 Va. 861 (1957), an owner of a stockyard was held liable for damage caused by an escaping heifer. However, in both of these cases liability was recognized and duty imposed because of existing common law principles already recognized in Virginia.

More in point is the failure of the "family purpose doctrine" to achieve judicial recognition in Virginia. This doctrine imposes liability upon a parent where he furnishes an automobile to members of his family and their negligent use of the automobile causes damage. Hackley v. Robey, 170 Va. 55, 65 (1938).

Some other states have adopted this principle. See 7A Am. Jur. 2d, Automobiles & Highway Traffic, § 658 (1980). However, in Virginia the judicial adop-

tion of this public policy has been expressly rejected. Hackley v. Robey, supra; Blair v. Broadwater, supra; and Cohen v. Meador, supra.

In finally putting this doctrine to rest the Court said:

> If public policy demands that the head of a family should be held liable in these circumstances this should be accomplished, we think, by an appropriate act of the General Assembly and not by judicial pronouncement. Hackley v. Robey, supra, at 66.

Many public policy considerations are raised by the suggestion that a parent who fails to institutionalize an emotionally ill child should be held liable for the child's intentional torts to another: Will the mental health care system, the judicial system, or traditional family relationships be adversely affected? Should the same concept of liability be applied to other family relationships, such as between spouse and emotionally ill spouse, sibling and emotionally ill sibling, or adult child and emotionally ill parent, or certain professional relationships, such as between doctor and emotionally ill patient, lawyer and emotionally ill client, or priest and emotionally ill parishioner? Should the doctrine be applied to all unemancipated children equally regardless of age, even though actual parental control diminishes as a child ages, particularly as he or she reaches adolescence? Should the doctrine apply also to any relationship in loco parentis?

Thus, the Supreme Court's conclusion in Hackley v. Robey concerning the family purpose doctrine is equally applicable to the doctrine of parental supervision. If public policy demands a parent to be held liable in these circumstances, it should be accomplished by an appropriate act of the General Assembly and not by judicial pronouncement.

For these reasons, I am of the opinion that the defendants' demurrer should be sustained.